Harriet Palethorp, Widow and Administratrix of Edward J. Palethorp, Deceased, v. Robert Palethorp et al.

The court of common pleas has jurisdiction to entertain a bill in equity for partition of real estate, filed by a widow of one of the tenants in common, claiming title under a will.

Where the case is heard upon bill and answer and plaintiff alleges sufficient interest to sustain the bill, the cause must be proceeded with and the rights of all the parties will be determined by subsequent proceedings.

The refusal of the court to dismiss a bill and the ordering that it be proceeded with before a master is not a final decree.

Argued April 8, 1895. Appeal, No. 204, Jan. T., 1895, by defendants, from decree of C. P. No. 3, Phila. Co., June T., 1894, No. 1702, awarding partition. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity for partition.

From the bill and answer it appeared that John H. Palethorp died in 1861, leaving to survive him a widow, Angelina Palethorp, and seven children, one of whom was Edward J. Palethorp. The widow, Angelina Palethorp, died without remarrying in July, 1877. Edward J. Palethorp died on July 1, 1893, intestate, without issue, leaving a widow, the complainant, surviving. At the time the bill was filed, proceedings to distribute the personal estate of both John H. and Angelina Palethorp were pending in the orphans' court.

John H. Palethorp, the testator, by the second item of his will, declares inter alia, as follows: "But in case my said wife should die before my youngest child living at the time of her decease having arrived at the age of twenty-one years, then it is my will that my executors shall carry out my intentions

that the said youngest child must arrive at the age of twenty-one years.  At that time I authorize and direct to sell and dispose of all my real and personal estate, and divide the same share and share alike among my children or their legal issue, unless if at the time my youngest child arrives at the age of twenty-one years, it should be unfavorable to sell, on account of the depreciation of value in real estate or any (other) cause, then I will and direct that in conjunction with my said executors, three persons be chosen by my children to make partition of my said estate among all my children all their legal issue then living, each child of mine to receive an equal share.

"But if my children prefer, when they arrive at the age of twenty-one years, and after my said wife's death, to not sell or make division of my said estate, but to receive the incomes, rents and dividends arising from said estate, then it is my will that they keep the property in good repair and punctually pay all interest and taxes thereon, and pay to each of my children an equal share as often as said share becomes respectively due, of all my rents, dividends and incomes of said estate."

By the third item of his will, however, he provides :

Item.  "I give and bequeath to each of my children, after my said wife's death, their entire share of my whole estate for their own sole and separate use, with the exception of twenty (20) thousand dollars worth of property of each of my children's share, the said twenty thousand dollars, they are only to receive the interest and incomes arising from such, as it is my will, the principal of said twenty thousand dollars, shall be entailed on each of my children and their legal heirs; and if either of my children die without lawful issue, then his or her share reverts back again to my estate, and becomes a part of said estate, and is to be equally divided the same as the other amongst all my surviving children."

Angelina Palethorp, by the first item of her will, directed as follows :

Item.  "I give and bequeath to each of my children their entire share of all my real estate, city and country, all my bank stock, or stocks of any kind, dividends on said stocks, mortgages and ground rents, and monies on hand, to be equally divided share and share alike for her and his own separate use."

By the 4th item of her will, however, she did direct as follows:

Item. "If my daughter Angelina becomes a widow or any unforeseen circumstances should invade her present happy home, I request that she will avail herself of the home I herein provide for my single children. If my daughter Caroline remains unmarried and desires to keep house I give her all my household goods, furniture, etc., of every description to keep house with, and my house 1931 Arch street where we now reside at an annual rent of seven hundred dollars for one year commencing one month after my death; each of my children not living at home is to have her or his share of said rent, all repairs, taxes, water rents, insurance and sewer rents to be paid by my executors during said term."

The case was heard on bill and answer, and the court entered the following decree:

"And now, Dec. 17, 1894, the above cause having been heard on bill and answer, the court orders, adjudges, and decrees that the complainant is entitled to partition of the real estate as prayed for in said bill, and directs that the cause be proceeded with before the master to final determination."

*Errors assigned* were (1) above decree, and (2) refusal to dismiss bill.

*Robert Palethrop,* for appellants, cited as to jurisdiction of the orphans' court: Miller's Estate, 159 Pa. 573; Scott on the Intestate Law, 159, 180; DeNoiles' App., 8 Wright, 243; Bayley's App., 60 Pa. 354; Johnson's App., 114 Pa. 132; Drennan's App., 118 Pa. 176; Overman's App., 88 Pa. 276; Milne's App., 99 Pa. 483; George's App., 12 Pa. 262; Dresher v. Allentown Waterworks, 52 Pa. 225; Johnson's App., 114 Pa. 132; Hoffner's App., 161 Pa. 344.

*W. A. Manderson,* for appellee, cited on the question of jurisdiction: Act of March 17, 1845, P. L. 160; Gourley v. Kinley, 66 Pa. 270; Bishop's App., 7 W. & S. 251; Brown's App., 84 Pa. 457; Steel's App., 86 Pa. 222; Griffins' Est., 30 Pitts. L. J. 60.

PER CURIAM, May 13, 1895:

While we do not regard the decree appealed from in this

case as a final decree, we are very clear that the common pleas has jurisdiction of the case and the parties. That court now possesses all the power of a court of equity in partition cases. We cannot now discuss the merits of the controversy, but we are of opinion that the plaintiff's interest is sufficient to sustain a bill and that the rights of all the parties can be determined in the subsequent proceedings.

Decree affirmed.