# Carey *v.* Schaller.

*Partition—Tenants in common—Equity—Jurisdiction—Act of July 7, 1885, P. L. 257.*

A bill in equity for partition will be sustained where the plaintiffs aver that the defendant conveyed an undivided interest in the land to their ancestor from whom they derived title under the intestate laws, and the defendant does not deny the execution of the deed nor allege that his holding was adverse to the plaintiffs.

To make the possession to one tenant in common adverse, it must be with acts of exclusive ownership of an unequivocal character.

Argued Jan. 16, 1901. Appeal, No. 26, Jan. T., 1900, by plaintiffs, from decree of C. P. Luzerne Co., March T., 1900, No. 4, dismissing bill in equity in case of Merritt O. Carey v. G. F. Schaller. Before RICE, C. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Bill in equity for partition. Before HALSEY, J.

From the record it appeared that on August 3, 1895, G. F. Schaller, the defendant, for the consideration of $1,600, the receipt of which was duly acknowledged by the deed, conveyed an undivided one-half interest to certain property in Butler township. Carey lived with Schaller in one of the houses on the property until his death which occurred on December 6, 1896. After Carey's death Schaller received all the rents and income from the property. Carey died intestate, and his heirs were never in actual physical possession of any part of the property. The present bill was filed on February 14, 1900. The material averments of the pleadings and findings of fact of the court below are stated at length in the opinion of the Superior Court.

The court below entered a decree dismissing the bill.

*Error assigned* was the decree of the court dismissing the bill.

*Granville J. Clark*, for appellants.—At his death M. D. Carey was living with Schaller on the common property. By descent the plaintiffs acquired all the right and title of M. D. Carey and their right to partition cannot be defeated by Schaller's exclu-

sive occupancy and receipt of rents, issues and profits for three
and a half years since the death of M. D. Carey : Rice's Modern
Law of Real Property, sec. 411; Freeman on Co-tenancy and
Partition, sec. 447 ; Galbreath v. Galbreath, 5 Watts, 146 ; Sus-
quehanna, etc., R. R. & Coal Co. v. Quick, 61 Pa. 328 ; Over-
ton v. Woolfolk, 6 Dana, 374 ; Holloway v. Holloway, 97 Mo.
628 ; 2 Beach on Modern Equity Jurisprudence, sec. 990 ; Sedg-
wick & Wait on Trial of Title to Land, (2d ed.), sec. 167 ;
Ihmsen v. Ormsby, 32 Pa. 198.

*Edward A. Lynch,* for appellee.—It would be hard to im-
agine a case in which the legal presumption of actual ouster
between tenants in common could arise except where there had
been an actual forcible entry or a conveyance of the common
property by one without the joinder of his cotenant; in all
other cases the facts must be submitted to the jury. The test
is, was the defendant's possession of such a character as is shown
to exist for twenty-one years ; would it justify a jury in presum-
ing an ouster : 2 Beach on Modern Equity Jurisprudence, sec.
990 ; Hassam v. Day, 39 Miss. 392 ; Wistar's App., 115 Pa.
241 ; Galbreath v. Galbreath, 5 Watts, 146.

OPINION BY BEAVER, J., February 14, 1901 :

Plaintiffs' bill alleges that they and the defendant are seized
and possessed in fee simple, as tenants in common, in equal
shares of two certain pieces and lots of land in which M. D.
Carey, now deceased, acquired an undivided one-half interest
by deed from the defendant; that said M. D. Carey, being so
seized of an undivided one-half interest, died intestate, leaving
to survive him, as his heirs, the plaintiffs ; that, by virtue of
the laws of this commonwealth, the plaintiffs became seized
at the death of their intestate of and in said undivided one-
half interest in said lands, and from then until the filing of the
bill have owned and still own said property in common with
defendant; that, from the death of their intestate up to the
filing of their bill, the defendant has been in exclusive pos-
session and control of said properties and has received the en-
tire profit and income therefrom, and praying for partition and
an accounting of rents, issues and profits.

The defendant in his answer denies that the plaintiffs are

seized and possessed in fee simple as tenants in common, in equal shares of the lots of land described in the bill; denies that M. D. Carey, their ancestor, ever had any legal title to the land described therein; admits that M. D. Carey died at the time and place stated in the bill, unmarried and without issue, but requires proof as to who were his legal heirs, admits that from December 6, 1896, up to the present time he has been in exclusive possession and control of the property mentioned in the bill and received the entire profit and income therefrom, and avers that, as a matter of equity, he was and is legally entitled to the same. He denies the right of the plaintiffs to partition of the property described in the bill, because they have no interest in the same, or an accounting for rents, issues and profits of the same as claimed.

Testimony was taken, in which the plaintiffs showed a deed from the defendant to their ancestor, with a receipt for the purchase money thereon, properly recorded, and made proof that they are the heirs of M. D. Carey. Defendant, who was sworn in his own behalf, testified that M. D. Carey lived with him at the time of his death and died in his family.

The court below finds the facts as stated in the plaintiffs' bill and specifically "that, upon December 6, 1896, G. F. Schaller, the defendant, was in exclusive possession and control of the property mentioned in the said first paragraph of the plaintiffs' bill, and that he received the entire profit and income therefrom, and that he claims to be legally entitled to the same, and that he has been in exclusive possession of the said property from that time to the filing of his answer in this case, and we further find that the said complainants nor any of them have ever been in possession of the said premises described as aforesaid." The court thereupon reaches the following conclusion of law: "It is clear that the defendant claims to hold the said property adversely to the plaintiffs which appears in the bill of complaint and also in the defendant's answer thereto; and, when said claim is set up and is shown to the court to be true, there can be no decree of partition, because this court, under facts such as these raise, is without jurisdiction."

There is no denial of the general jurisdiction of the court under the Act of July 7, 1885, P. L. 257.

" An action for partition can be maintained only by some one

having an interest or estate in the land to be divided. All co-tenants in joint tenancy and tenancy in common are entitled to partition of the common estate as a matter of right, in all cases where he can show a clear, legal title, without regard to what inconvenience or injury it may be to the common estate; but to entitle him to maintain an action in partition, the cotenant must be in possession or entitled to the immediate possession of the land to be divided:" 3 Kerr on Real Property, sec. 2018. " To entitle a cotenant to maintain an action for partition, he must have the actual possession or the right to the immediate possession of the property; consequently where a cotenant has been disseized he cannot maintain an action for partition of the estate, but a mere constructive seisin will be sufficient to sustain an action for partition in the absence of proof of an actual ouster." 3 Kerr on Real Property, sec. 2019. It is true, as has often been held in Pennsylvania, that " an adverse holding by one tenant in common for any length of time, however short, previous to the institution of an action of partition will bar a recovery in such form of action; for ejectment and not partition is the proper remedy against a person holding adversely: Law v. Patterson, 1 W. & S. 184. When, therefore, it appears, on a petition for a division of an intestate's estate, that the intestate did not die seized but that the premises are in the possession of another claiming to hold adversely, it is the duty of the orphans' court to refuse the prayer of the petitioner and put the party to an action of ejectment to recover the possession:" McMasters v. Carothers, 1 Pa. 324.

The court below evidently regarded the exclusive possession of the defendant, alleged in the plaintiffs' bill and admitted in the answer, as an adverse possession; but a possession may be exclusive without being adverse. There is no allegation in the defendant's answer, nor is there any proof of any kind that his holding was adverse to the plaintiffs'. An adverse possession must be actual, continued, visible, notorious, distinct and hostile. To make the possession of one tenant in common adverse, it must be with acts of exclusive ownership of an unequivocal character: 1 Bouv. L. Dic. (1897) 107. The deed to the plaintiffs' ancestor and his death in possession, as tenant in common, carried with it, under our intestate laws, the right of possession to the plaintiffs. No facts are stated by the defendant in his

answer or found by the court which can in any way invalidate this right. The mere denial of it amounts to nothing in the face of the deed, execution of which is not denied. There is no allegation of fraud in procuring the deed, and no fact alleged or proved which can in any way destroy its validity or negative its legal effect. If, as the defendant's offer of testimony which was excluded seemed to indicate, the purchase money was not fully paid by the plaintiffs' ancestor in title during his lifetime, that fact does not in any way invalidate the title itself. The defendant's rights in that regard are not to be passed upon or enforced at the present stage of this proceeding. In Palethorp v. Palethorp, 168 Pa. 102, where a bill was filed by a widow of one of the tenants in common, claiming title under a will, it was held that the plaintiffs' interest was sufficient to sustain the bill, and that the rights of all the parties could be determined in the subsequent proceeding.

There is no actual denial by the defendant of the plaintiffs' title, that is, there is no averment of fact which, if true, would invalidate it. In an action of ejectment, upon the facts as here shown, the court would be bound to say, as a matter of law, that the plaintiffs were entitled to recover. There is, therefore, nothing in the case which ousts the jurisdiction of the court below. See Welch's Appeal, 126 Pa. 297.

The decree, denying the prayer of the plaintiff for partition and accounting and dismissing the bill, is, therefore, reversed, the bill is reinstated and the record is remitted to the court below to proceed therein according to law.