## Etters, Appellant, *v.* Musser.

*Partition—Family agreement—Equity jurisdiction.*

A bill in equity for the partition of real estate averred that plaintiffs and defendants were the widow and heirs-at-law of E.; that during the lifetime of decedent an agreement was entered into by all parties with the decedent, whereby the real estate in question was agreed to be conveyed to the children in consideration of their agreement that decedent and his wife should have exclusive use of the homestead, free from taxes and repairs; that a judgment exemption bond in the sum of five thousand dollars should be executed by the children, conditioned for the payment of the annual sum of two hundred dollars to the parents, and the survivor of them; that each child should assume his or her proportionate share of the outstanding indebtedness of decedent, and pay his or her proportionate share of the interest, taxes or repairs; that each child should pay an additional amount, if necessary, to maintain the parents, and that none of the children should encumber, transfer or sell their respective interests in the said property during the lifetime of the parents or the survivor of them. Defendants demurred to the bill. It was held by the lower court that the agreement above recited was a bar to a partition proceeding, during the life of the widow, and the demurrer should be sustained. On appeal, *held,* no error.

Argued April 22, 1913. Appeal, No. 48, Jan. T., 1913, by plaintiffs, from decree of C. P. Centre Co., In Equity, Sept. T., 1912, No. 3, dismissing a bill in equity in case of Lillie C. Etters, L. W. Musser and Katherine Musser v. G. Frederick Musser, Boyd A. Musser, Nannie Handlong, Helen D. Duff and Lydia C. Bowman. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for partition of real estate.

ORVIS, P. J., filed the following opinion:

The plaintiff's bill asks that a commission in partition be issued to divide and partition and allot the lands and

tenements as described in said bill, or in case the same cannot be divided without prejudice, to order a sale of the said premises, and that G. Frederick Musser, attorney in fact, be required to render an accounting of the management of the said real estate, etc. The defendants in their answer deny the plaintiffs' rights in the premises, and by their demurrer raise the contention that the plaintiffs upon the face of their bill have no right to maintain it.

The plaintiffs and defendants are the widow and heirs at law of Emanuel Musser, now deceased, and the bill sets forth that during the decedent's lifetime, to wit, on the 5th day of July, 1902, an article of agreement was entered into by all the parties, plaintiff and defendant, in this issue, to and with the said decedent, whereby the real estate in question was agreed to be conveyed to the children for the consideration of certain covenants and agreements.

First.—That the decedent and his wife should have exclusive use of the homestead, free from taxes and repairs.

Second.—That the judgment exemption bond in the sum of five thousand dollars be executed by the children conditional for the payment of the annual sum of two hundred dollars to the parents and the survivor of them.

Third.—That each child shall assume his or her proportionate share of the outstanding indebtedness of their father and pay their proportionate share of the interest, taxes and repairs.

Fourth.—That they would pay an additional amount, if necessary, to maintain the parents.

Fifth.—That the children should not encumber, transfer or sell their respective interests during the lifetime of the parents or the survivor of them.

In brief, the defendant's contention is, that by reason of this agreement the court has no jurisdiction to award a partition, and because the plaintiff's bill fails to allege any amount due them that an accounting cannot be di-

rected.  Both these positions seem to us convincing.  We have carefully examined the authorities relied upon both by· the defendants and by the learned counsel for the plaintiffs in their answering argument.  It would seem to us that this is an effort to annul or cancel an agreement by indirection.  We must construe the said agreement as one entire contract that must be regarded as a family agreement which is the peculiar object of the care and protection of courts.  This family agreement provides that the parties thereto shall not sell or encumber the real estate during the lifetime of the widow.  It is true that she as one of the plaintiffs agrees to relinquish any right to possession of any part of the premises, but she does not agree to cancel the judgment bond or have the judgment entered thereon satisfied.  It is clear she cannot compel those of her children that are defendants to agree to an annulment or cancellation of any part of the agreement without relieving them from every burden thereunder.  It is true the parties in interest by a subsequent action modified the family agreement to the extent that G. Frederick Musser was authorized to sell part of the land under certain limitations and restrictions, but this modification was by the joint and mutual agreement of all the parties in interest and cannot be relied on by any of the parties for an avoidance of the agreement in this issue.  Until this family agreement is terminated by the mutual consent of all parties in interest or vacated by judicial decree it would seem to be and will remain a bar to proceedings in partition during the lifetime of the widow.  There may be merit in the contention of the plaintiff that a partition is for the best interest of the members of the family, but they voluntarily placed themselves in the position where we find them, and it would seem that we are powerless under numerous authorities to give them relief in the method asked for.

While the bill may not very clearly state it, nevertheless, counsel for the plaintiffs have made it very clear

in their oral argument that the prayer for an accounting is based upon the statutory provision requiring an accounting on the part of a trustee if partition is decreed. As we have found ourselves unable to direct a partition, the prayer for an accounting naturally and logically falls. In view of these conclusions we feel compelled to sustain the demurrer.

Plaintiffs appealed.

*Error assigned* was the decree of the court.

*W. D. Zerby,* with him *John J. Bower* and *S. D. Gettig,* for appellants.

*N. B. Spangler* and *Harry Keller,* for appellees.

PER CURIAM, May 22, 1913:

The decree appealed from is affirmed for the reasons stated in the opinion of the learned judge of the Common Pleas.