## Scheetz v. Tradesmens National Bank et al.

*Maurice W. Sloan,* for plaintiff.

*Rodney T. Bonsall* and *Carlyle H. Ross,* for defendants.

MacNeille, J., April 27, 1935.—This hearing is on bill and answer, and the allegations in the answer are taken as admitted. Thus it is established that the Tradesmens

National Bank & Trust Company owns, by assignment, a bond and mortgage for $8,000, secured upon 110 South Sixtieth Street, Philadelphia, which it holds as trustee for various parties to whom were given participating interest certificates.

The plaintiff was the owner of a certificate in the sum of $1,225. The mortgage became in default and the Tradesmens National Bank & Trust Company foreclosed and purchased the premises at sheriff's sale on July 10, 1933, and since that date has held the property as trustee for the participating interests. After the foreclosure the trust company issued to the plaintiff a certificate of interest in real estate in exchange for the fractional mortgage certificate which he held. A similar certificate was issued to Luvenia May Wanner, the other defendant.

The assignment to the Tradesmens National Bank & Trust Company provided, inter alia:

"In the event of the foreclosure of the said mortgage, the trustee shall have the right, in its discretion, to buy in the mortgaged premises for the protection of the registered owners of all the outstanding fractional certificates; and thereafter the trustee shall have the right, in its discretion, to lease and collect and apportion the rents and to sell the same or any part thereof at either public or private sale for such sum as in its judgment shall seem meet and convey the same free of all trusts."

The certificate of interest in the real estate, issued to the plaintiff by the trust company, had this:

"The net income from the said property and the proceeds of sale, if and when sold, after payment of proper expenses, shall be divided among the holders of outstanding certificates of interest in proportion to their respective interests, as evidenced by such certificates, and the proper carrying charges shall be borne proportionately."

The bank has held title to the property for 1½ years, and the plaintiff seeks his proportionate share of partition,

thus requiring that the property be sold either at public or private sale.

We do not think the plaintiff can succeed in an effort at partition. This property was placed in trust, and a beneficiary of the trust cannot maintain partition proceedings during the active existence of the trust: 20 R. C. L. 752.

We think this situation is governed by Johnson v. Gaul, 228 Pa. 75, 77, wherein the court said:

"What is decisive of the question here presented is that the land, so long as it remains such in fact, is given, not to the plaintiff, but to the trustee for a purpose which would be defeated if the plaintiff were permitted to prevail in this proceeding. As pointed out in Seiders v. Giles, 141 Pa. 93, partition is a possessory action, its purpose and effect being to give to each of a number of joint owners the possession he is entitled to of his share in severalty. The indispensable prerequisite to its maintenance [partition proceeding] is that the plaintiff be a joint owner with the defendant and as such entitled to a separation of his share and possession of it. Where the plaintiff's interest is not such as confers that right; where the ownership of the undivided portion of the property is not in the plaintiff, but in a trustee clothed with the title and charged with the management of the property, i. e., with an active trust, which necessarily excludes the plaintiff's right of possession and control of it—it cannot be said that the plaintiff has a standing to ask for partition." This case then cites Hutchison's Appeal, 82 Pa. 509, and Clark's Estate, 134 Pa. 140. The rule has been followed in Love v. Robinson, 219 Pa. 469, Etters v. Musser, 241 Pa. 237, and Marchand v. Marsh et al., 280 Pa. 292.

Nor can we agree with plaintiff's contention that the trust company can hold this property indefinitely. The plaintiff has ample protection if the trust company, as trustee, does not properly exercise the discretion vested in it.

Wherefore, we conclude that the answer filed by the

212

defendants sets forth a proper defense to the plaintiff's bill in equity, and since, as we have already said, the facts as set forth are admitted, the defense should prevail.

Counsel are directed to prepare a decree nisi in accordance herewith.