## Dutrow v. Bohn

*Lillian Raycroft* and *Allan W. Lugg*, for plaintiff.
*Alvin L. Snowiss*, for defendant.

LIPEZ, P. J., March 12, 1958.—Plaintiffs are four members of an unincorporated hunting club, having a total membership of 20. They seek to compel partition of the leasehold interest in a hunting camp located on land leased from the Commonwealth. We must determine whether they have the right to do so.

From the admissions in the pleadings and the depositions, it appears that in August 1933, a group of 12

men obtained a 10-year lease from the Commonwealth on a tract of land situated in Beech Creek Township, this county, and proceeded to build thereon a hunting lodge. They provided the funds to purchase the needed material, but the labor was, for the most part, performed by the members. As time went on the hunting lodge was enlarged, more members were taken in, until finally there was the present total of 20. They operated informally without a constitution or bylaws. There were several lease renewals, the last one being on August 26, 1953, for a period of 10 years. All the members were treated as having equal interests in the assets. Over the years, upon the death of a member, three having died, the remaining members considered the deceased's interest as descending to his next of kin. Members also considered their respective interests disposable by sale or gift to others, subject, however, to the approval of the other members. During this period three such interests were conveyed and so approved.

This proceeding is brought under the Act of April 27, 1927, P. L. 460, 12 PS §1791. et seq.,[1] which provides

---

[1] Section 1 of the act provides: "Whenever personal property is owned jointly, by persons who are not partners, or are not husband and wife, and any one of such persons desires to dispose of his or her right, title, and interest in said personal property, and cannot arrive at a satisfactory arrangement with the other owner or owners of such personal property for the disposition of such personal property it shall be lawful for such person to petition to the court of common pleas of the county wherein such property is situated, citing the facts of such joint ownership, the value of the property, and the inability of the joint owners thereof to agree to the amiable disposition thereof; whereupon the said court shall appoint a trustee for said personal property, which trustee, upon the filing of a bond in a sum in double the amount of the value of the personal property as set forth in said petition, conditioned upon the faithful performance of the duties of the said trustee as herein set forth, shall take immediate possession of said property."

for the partition of personal property, whenever it is owned jointly by persons who are not partners, or are not husband and wife, and the person desiring to dispose of his interest is unable to arrive at a satisfactory arrangement with the other owners. The question, therefore, is whether this lease-hold is in the contemplation of the above act of assembly, "owned jointly" by the members of this club.

A club is defined as "a voluntary association of persons for purposes of a social, literary or political nature, and may be either incorporated or unincorporated": 3 P. L. Encyc. 279. This club is unincorporated, and as such, consists of a "body of persons acting together, without a charter, upon the methods and forms used by incorporated bodies, for the prosecution of some common enterprise": 3 P. L. Encyc. 260.

An unincorporated association is not a separate entity and has no existence apart from the members who compose it: 13 Standard Pa. Practice 48. Any property acquired by an unincorporated association ordinarily is vested in the members of the association jointly. This right of property rests on agreement between the members and hence appropriate provision relating thereto may be made by agreement between them or by the adoption of a constitution or other rules: 3 P. L. Encyc. 268; Usiak v. Milnesville Water Co-Op., 42 Luz. 171. In this case we have neither a formal agreement nor a constitution and bylaws, as a basis upon which we can determine the rights of the members. Hence a court may consider the manner in which the members treated and disposed of their interests in the property as showing their construction and understanding of their respective rights and interests therein: Pratt v. California Mining Co., 24 Fed. 869. It is abundantly clear that they considered each member as having an equal and undivided interest in the leasehold. As such their interests were owned

jointly, and hence comes within the scope of the Act of 1927.

The right of partition of personal property is under the statute applicable to every class of personal property: As stated in Tioga No. 2 Building Association v. North Philadelphia Trust Company, 125 Pa. Superior Ct. 234, page 237,

"At common law, owners of personal property could not compel partition. In the absence of a remedy at law, the courts of chancery in England and in most jurisdictions in this country granted relief, and the general rule today is, that personal property of every class is subject to partition: 20 R. C. L. p. 741, §26; 47 C. J. p. 294, §66; note 27 L. R. A. (N. S.) 618; Freeman, Co-tenancy and Partition, §426. Our equity courts acquired the jurisdiction of a court of chancery, but only so far as expressly provided by statute, and until the Act of 1927, supra, partition of personal property was not available."

The statute, therefore, is applicable to the leasehold interest herein involved, which, though a chattel real, is personal property: Townsend v. Boyd, 217 Pa. 386.

Defendant cites cases where partition has been denied in jointly owned property situations. However, in all such cases the property was owned and held by the parties under an agreement for certain specific purposes which would have been defeated by partition. See Marchand v. Marsh, 280 Pa. 292; Etters v. Musser, 241 Pa. 237. It is clear that neither these; nor special situation cases cited by defendant which do not involve nor shed light on the problem of partition (such, for example, as Damon v. Bair, 19 Lanc. 57, and Shenango Pottery Workers Assn. v. Crawford, 59 D. & C. 426, involving distribution of assets on dissolution of an association; or S. K. F. Employees Association v. Root, 57 D. & C. 12, relating to a dispute as to the right of

possession of assets [2] of an association; or Manning v. Shoemaker, 7 Pa. Superior Ct. 375, involving disposition of property of an association by a majority of its members in obedience to its articles of association) are in any way in conflict with our conclusion that plaintiffs are entitled to partition.

Defendants point to the dire consequences which may follow in allowing partition of the assets of an unincorporated association, suggesting that any disgruntled member may thereby in effect break up the organization when he is unable to get his price from the remaining members. Such organizations should have no great difficulty in providing for such contingency by appropriate provisions in their constitutions or rules by which the members are bound, since their right in the property of the association rests on contract: Blenko v. Shmeltz, 362 Pa. 365. In any event, the inconvenience or injury which may ensue is not of itself a bar to the right of partition: Carey v. Schaller, 16 Pa. Superior Ct. 350. Indeed it would be a species of judicial arrogance to flaunt the legislative mandate by denying partition merely because of a court's views of the consequences of partition. Government long ago decided that on balance it is to society's best interest to allow partition and thus prevent strife and disagreement rather than compel continued ownership by unwilling persons.

### Order

And now, March 12, 1958, defendants objections to partition are overruled, the rule for partition is made absolute and plaintiffs may proceed with partition under the Act of 1927, P. L. 460.

---

[2] Where the question is right of *possession* between members, in the absence of provisions in a constitution or by-laws, it is determined by a majority of the members. 3 P. L. Encyc. 267.