## Ruska *v.* Philadelphia Life Insurance Company, Appellant.

Argued October 3, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William J. Kelly,* with him *Elderkin, Martin and Kelly,* for appellant.

*John A. Spaeder,* with him *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 12, 1963:

Everett W. Ruska (Ruska) died August 20, 1961 at the age of 58 years. Although retired from the police department of the City of Erie since May 1, 1957, he had retained his membership in Haas Memorial Lodge No. 7, Fraternal Order of Police (Lodge) until the date of his death. As a member of that Lodge, he was entitled to, and did, participate in a plan of group life insurance the terms of which were contained in a group policy issued to the Lodge by Philadelphia Life Insurance Company (insurer). Ruska's coverage under that policy was evidenced by a certificate of insurance issued by the insurer which certified that he was insured for life insurance in the amount of $6,600. The

beneficiary named in that insurance certificate—Ruska's wife, Margaret D. Ruska—made claim in due course for $6,600 but the insurer refused to pay more than $3,300, claiming that Ruska was entitled only to that amount under the policy.

Mrs. Ruska then instituted this assumpsit action in the Court of Common Pleas of Erie County against the insurer, the Lodge and one Armand J. Chimenti, who at all relevant times was both the agent of the insurer with respect to the policy and secretary of the Lodge's insurance fund. The defendants filed individual answers and, upon the closing of the pleadings, each filed a motion for judgment on the pleadings. The court below entered judgment in favor of the Lodge and Chimenti, but, on the insurer's motion for judgment, entered judgment not in favor of the insurer but in favor of Mrs. Ruska in the amount of $6,600 with interest. From the entry of such judgment the insurer appeals.

The insurer, conceding the power of the court below to enter judgment on the pleadings against it although it was the party who sought judgment (*Boron v. Smith*, 380 Pa. 98, 102, 110 A. 2d 169; *Knecht v. Medical Service Ass'n.*, 186 Pa. Superior Ct. 456, 459, 143 A. 2d 820; Pa. R.C.P. 1034(b)), complains only that, when the court below was considering the entry of judgment against it, it was not given the benefit of inferences to be drawn from the pleadings and that not all the averments of fact in its answer were accepted as true, citing *Toff v. Vlahakis*, 380 Pa. 512, 513, 112 A. 2d 340. Our examination of the opinion of the court below leads us to an opposite conclusion and we are of the opinion that the answer does not present a meritorious defense.

The gist of the insurer's defense is a reliance on the provisions of the policy, a copy of which was attached to the answer. Our examination of that policy, and the amendments thereto, reveals that, as the policy was

originally issued as of January 1, 1956, those persons who were eligible for insurance thereunder were "all active members [of the Lodge] in good standing who have one month of membership, except those retired from the Police Department of the city of Erie as of January 1, 1956". The schedule of insurance in the policy provided that "all active members" were to be insured for $3,300.[1]

However, the insurer admits that Ruska became entitled to coverage as of the effective date in the amount of $3,300 and that in February, 1957 (while Ruska was still an active policeman) he applied for an increase in coverage to be provided under a contemplated policy amendment. It is also admitted that, although this amendment did not become effective until June 1, 1957 (one month after Ruska's retirement) a new certificate was issued showing life insurance coverage in the amount of $6,600 and Ruska paid the appropriate increased contributions for such increased coverage until his death in 1961. Nevertheless, the insurer insists that, by reason of Ruska's retirement from the police department prior to the amendment's effective date, he never became eligible for the increased coverage of insurance.

When we examine the 1957 policy amendment we find that the eligibility clause remains unchanged and there can be no question as to Ruska's continued eligi-

---

[1] There is, of course, even at this stage, an inconsistency between the eligibility clause and the schedule of insurance. As noted by the court below, although an "insured member" is designated on the face page of the policy as an "employee" consistency in designation was thereafter abandoned. The printed text continues to refer to "employees" and "insured employees", while the typewritten portions refer to "members" and "active members". It would be a difficult question to determine even whether the classification "all active members" in the original schedule overrides the exception of pre-effective date retirees as set out in the eligibility clause.

bility for coverage. The only change relevant to the issue before us is the amendment of the Schedule of Insurance by abrogating the previous single classification of "all active members" and setting up instead thereof four new classifications of which two only are presently pertinent:

"Class I—all active members who have reached age 65 prior to June 1, 1957 or *who became pensioned members prior to June 1, 1957*[2]                     $3,300

. . .

Class III—All other members who are under age 65                                                                    $6,600"

It is the insurer's contention that Ruska was a "pensioned member prior to June 1, 1957" within the meaning of the wording of Class I, supra, and entitled, as such, to life insurance coverage only for $3,300. With this contention we do not agree. Like the court below, we think it more than likely that the insurer's underwriter intended that persons retired from the Erie City police department who were members of the Lodge be insured for $3,300 only. But that is a far cry from saying that an Erie City police department retiree is *pensioned* or that he is a *pensioned member*. We cannot even tell from the record presented by the insurer that membership in the Lodge is confined to members and retired members of the Erie Police Department. To arrive at the construction favorable to the insurer we would be forced to guess and to stretch the meaning of the words "pensioned members" to mean "members retired from the Erie Police Department". That we cannot do, absent some definition in the policy itself as to what is to be considered a "pensioned member" for the purposes thereof, or absent such a meaning arising naturally and inevitably from a reading of the contract of insurance as a whole. The

---

[2] Emphasis supplied.

*only* classification in the Schedule of Insurance applicable to Ruska's situation, therefore, was Class III, since he was at all times a member "under age 65" and he admittedly did all things necessary to qualify for insurance coverage in that classification and paid all the required contributions for his coverage in that classification.

The insurer argues that a judgment in Mrs. Ruska's favor will eventually be paid by the Lodge; such argument is a non sequitur. In any event, we might point out that, since the payment to Mrs. Ruska of $6,600 would be directly attributable to faulty draftsmanship on the part of the insurer, it would be harsh to charge the extra $3,300 against the mortality of the Lodge on the next experience rating of the policy. No doubt the Lodge will be able to find another insurer ready and willing to disregard this item as a mortality charge in determining future refunds or credits should the insurer attempt to burden the group with the result of its own blunder.

Since we agree with the court below that the insurer stands liable *on the wording of its own policy,* it is unnecessary to discuss its liability under a theory of estoppel (see: *Clauson v. Prudential Ins. Co.* (1961), 195 F. Supp. 72, aff'd. 296 F. 2d 76) or under an exception to the general rule in this Commonwealth that a group policyholder is the agent of the insured rather than of the insurance company by reason of Chimenti's dual role as the insurer's agent and secretary of the Lodge's insurance fund (cf: *Hanaieff v. Equitable Life Ass. Soc.,* 371 Pa. 560, 92 A. 2d 202, with *Frankel v. Reliance Mut. L. Ins. Co.,* 199 Pa. Superior Ct. 295, 184 A. 2d 305).

The conclusion of the court below that Mrs. Ruska is entitled to judgment on the pleadings is correct.

Judgment affirmed.