## Commonwealth v. City of Philadelphia

*Herman Becker,* for Commonwealth.

*James Penney,* for defendant.

DOTY, A. J., August 11, 1971.—This matter is presently before us for consideration of plaintiff's motion for judgment on the pleadings. After a careful consideration of the oral arguments, briefs filed, the applicable law and the entire record, we are convinced that plaintiff's motion must be denied and, on the contrary, judgment on the pleadings must be entered for defendant.

Plaintiff filed a complaint in assumpsit in which it alleged that the late Hon. Joseph L. Kun, of the Court of Quarter Sessions of Philadelphia County, entered an order on February 10, 1932. This order committed one Paul Enck to Farview State Hospital for the Criminally Insane. At that time, Enck was a prisoner awaiting trial and Judge Kun's order was entered following the appointment of a lunacy commission which examined Enck and recommended his commitment.

The complaint further alleges that Judge Kun's order stated that the detention and treatment of Enck was to be at the expense of the City and County of Philadelphia and that the Commonwealth has incurred total expenses in the amount of $43,471.76 in the maintenance and care of this individual. On that basis, the Commonwealth asks reimbursement from the City of Philadelphia. The City filed an answer and new matter in which it denied the material averments of plaintiff's complaint and further averred that the order of Judge Kun, without admitting its authenticity, was null and void since Judge Kun was without jurisdiction or authority to enter such an order.

The Commonwealth filed a reply to the new matter

in which it set forth that defendant's allegations were legal conclusions to which no answer was required. The issue thus having been joined, plaintiff filed a motion for judgment on the pleadings.

In its complaint, plaintiff avers that defendant is liable by virtue of the Act of March 31, 1860, P. L. 427, sec. 66, 19 PS §1351. However, a reading of this act makes it quite clear that the statute does not apply to the instant situation. The act states:

"In every case in which it shall be given in evidence upon the trial of any person charged with any crime or misdemeanor, that such person was insane at the time of the commission of such offense, and he shall be acquitted, the jury shall be required to find specially whether such person was insane at the time of the commission of such offense, and to declare whether he was acquitted by them on the ground of such insanity; and if they shall so find and declare, the court before whom the trial is had shall order the cost of prosecution to be paid by the county, and shall have the power to order him to be kept in strict custody, in such place and in such manner as to the said court shall seem fit, at the expense of the county in which the trial is had, so long as such person shall continue to be of unsound mind."

Thus, the act refers to a person who has been tried and *acquitted* by a *jury* in which the jury advises specifically that such person was insane at the time of the commission of the offense. This is simply not the factual situation in the case before us. The order entered by Judge Kun did not follow a trial but preceded it. Moreover, Judge Kun's order was based not upon the finding of a jury, but upon a recommendation of a lunacy commission. It is, therefore, clear that this act is inapplicable and does not support plaintiff's request for judgment on the pleadings.

Rule 1034(b) of the Pennsylvania Rules of Civil Procedure provides that on a motion for judgment on the pleadings, "the court shall enter such judgment or order as shall be proper on the pleadings." It is well settled that judgment on the pleadings may be entered against the party making the motion: Ruska v. Philadelphia Life Insurance Co., 412 Pa. 418 (1963). In this case, accepting as true all of the averments set forth in plaintiff's complaint, it is clear that plaintiff cannot prevail in this action.

Therefore, it is proper for this court to enter judgment on the pleadings in favor of defendant. We have, therefore, entered an appropriate order.