364 A.2d 1319

**James M. SHOUP, Jr.**

v.

**Donna J. SHOUP, Appellant.**

Supreme Court of Pennsylvania.

Argued March 8, 1976.

Decided Oct. 8, 1976.

George H. Hoffman, Pittsburgh, for appellant.

Frank P. Krizner, Butler, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

In this appeal the appellant wife challenges the validity of a decree of "partition" of real estate entered by the trial court on the complaint of the husband. On this record we agree with appellant that at this juncture the basis for a decree directing sale of the property and division of the proceeds was wanting. We therefore reverse.

James Shoup, the plaintiff-appellee, and his wife Donna J. Shoup, the appellant, acquired the real estate in question in 1969, after their marriage, by a conveyance to them jointly as tenants by the entireties. The property, located in Butler County, became the marital residence, and continues to be the residence of the wife.

The complaint alleges that the parties were divorced in 1972 and that they now own the property as tenants in common, and prays that it be partitioned. The defendant's answer denies that the parties have been validly divorced; it asserts to the contrary that the plaintiff obtained the divorce decree by exerting undue influence over the defendant. Under the heading of "New Matter and Counterclaim" the defendant additionally avers that her husband had entered into an agreement with her to convey to her the property in question, occupied by defendant and the two children of the marriage; that the plaintiff had relied upon his obligation to make this conveyance in prior judicial proceedings in order to reduce the amount of child support he was obligated to pay to the defendant; that the husband, without the wife's permission, had taken from the premises personal property which had been owned jointly by the parties; that the defendant was guilty of laches in asserting his claim; and that the defendant had been forced to borrow $2,000 to meet mortgage payments on the property. The answer prayed for dismissal of the husband's complaint,

specific enforcement of the husband's alleged promise to convey the real property to the wife, partition of the personal property held jointly by the parties,[1] and money damages.

The plaintiff filed two preliminary objections to the answer. The first was in the nature of a demand for a more specific pleading on the ground that the particulars of the alleged agreement to sell the property to the wife were not set forth nor was a copy of the agreement, if in writing, attached to the pleading; the second was in the nature of a demurrer to the defense of laches in the bringing of suit on the ground that the plaintiff had alleged no harm resulting from the delay.

After having heard oral argument, but without having held an evidentiary hearing or having ruled on the plaintiff's preliminary objections, the chancellor directed that the property be sold and the proceeds divided, and appointed a trustee for that purpose, all as provided by the Act of May 10, 1927, P.L. 884, 68 P.S. § 501.[2] Defendant's exceptions to the decree were dismissed,[3] and this appeal followed.[4]

1. Subsequently, the plaintiff amended his complaint to seek partition of personal property owned jointly by the parties.

2. Actions brought pursuant to the Act of 1927 are not, strictly speaking, actions in partition because in every case the property is sold and the proceeds divided without regard to whether a physical division of the property is practical. Compare Pa.R.C.P. 1560, pertaining to actions in partition in general, which indicates that the property shall be divided "[i]f division can be made without prejudice to or spoiling the whole . . . ." For this reason, the Act of 1927 was not suspended by the adoption of Rules 1551–1574 of our Rules of Civil Procedure. See Pa.R.C.P. 1590(10). For convenience, however, we have in the text referred to the instant proceeding as one in partition, and to the relief granted as partition.

3. It does not appear that the defendant's exceptions to the decree were passed upon by a court en banc. See Pa.R.C.P. 1519(b).

4. Appellate jurisdiction is vested in this Court by the Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1976), concerning actions or proceedings in equity. [This appeal was filed prior to April 7, 1975, the effective date of Supreme Court Rule 73, reassigning appellate jurisdiction of equity

■■■ In entering a decree solely on the basis of the complaint and answer without having held an evidentiary hearing the chancellor in effect granted judgment on the pleadings in favor of the plaintiff. His action in doing so was based upon his conclusion that the defenses which the defendant attempted to set up under new matter were not valid defenses to partition. In so concluding and in directing partition without having definitively disposed of the plaintiff's preliminary objections to the defendant's new matter, without the plaintiff having filed a reply to the allegations in the defendant's new matter not reached by the preliminary objections, and without either party having made a motion for judgment,[5] the chancellor erred.

■■■ Property held by husband and wife as tenants by the entireties is not subject to partition while so held. *Sterrett v. Sterrett*, 401 Pa. 583, 166 A.2d 1 (1960) ; see *Holmes Estate*, 414 Pa. 403, 200 A.2d 745 (1964) ; Ladner, Conveyancing in Pennsylvania § 1.17 (3rd ed. P. Wood 1961).[6] Upon divorce of spouses who formerly held property as tenants by the entireties, however, their continued joint ownership of the property becomes, by

cases to the Superior Court. Effective July 1, 1976, Rule 73 has been replaced by Rule 702(b) of our new Rules of Appellate Procedure. See Pa.R.A.P. 5101.]

**5.** See *Paulish v. Bakaitis*, 442 Pa. 434, 442–43, 275 A.2d 318 (1971). Once one of the parties has moved for judgment on the pleadings, the court may enter judgment in favor of either the plaintiff or the defendant. *Ruska v. Philadelphia Life Insurance Co.*, 412 Pa. 418, 195 A.2d 93 (1963); *Boron v. Smith*, 380 Pa. 98, 110 A.2d 169 (1955); *Reis v. Phillips Products Co., Inc.*, 234 Pa. Super. 508, 341 A.2d 180 (1975).

**6.** An exception to this general principle is the rule that "where husband and wife are separated but not divorced and where one of them is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties, an accounting of the property so held may be ordered and the property or proceeds divided equally between them. [Citations omitted]." *Shapiro v. Shapiro*, 424 Pa. 120, 137, 224 A.2d 164, 173 (1966). It is of course only the party who has been excluded from enjoyment of the property who may maintain such an action. *Backus v. Backus*, 464 Pa. 380, 346 A.2d 790 (1975).

operation of the statute, that of a tenancy in common, and either spouse may thereafter compel partition.[7] Among tenants in common partition of real property is normally a matter of right. See *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973). Although actions in partition are brought in equity, actions for sale and division of proceeds under the Act of 1927, *supra*, may not be avoided by such equitable defenses as unclean hands or by restitutory claims arising in connection with the parties' joint ownership of the property. See *Lykiardopoulos v. Lykiardopoulos, supra; Hunsberger v. Bender*, 407 Pa. 185, 80 A.2d 4 (1962). Nevertheless, the statutory right to partition may be modified or postponed for a reasonable time [8] by agreement of the parties.[9] *Latshaw's Appeal*, 122 Pa. 142, 15 A. 676 (1888); *see generally* Annotation, 37 A.L.R.3d 962 (1971).

In the case at bar the defendant wife denied a valid divorce had been obtained and charged, in addition, that the plaintiff had agreed to convey the property in question to the defendant. The chancellor found that

---

7. The Act of May 10, 1927, P.L. 884, § 1, as amended, 68 P.S. § 501, provides in pertinent part:
   "Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them."

8. An agreement to defer partition which is not reasonable in duration is an illegal restraint upon alienation. See *Etnier v. Pascoe*, 275 Pa. 308, 119 A. 406 (1923); Annotation, 37 A.L.R.3d 962, 978–80 (1971).

9. An agreement limiting the right to partition need not be express; it may be implied from the circumstances in which the property was acquired or is held. See *Marchand v. Marsh*, 280 Pa. 292, 124 A. 427 (1924); *Etters v. Musser*, 241 Pa. 237, 88 A. 447 (1913); *Love v. Robinson*, 219 Pa. 469, 68 A. 1033 (1908); *Latshaw's Appeal, supra*; Annotation, 37 A.L.R.3d 962, 974–78 (1971); 14 Standard Pennsylvania Practice, Ch. 69, § 37 (rev. ed. 1965).

this latter allegation would not, even if proved, raise a valid defense to partition for the reason that the alleged agreement was not in compliance with the applicable statute of frauds, the Act of March 21, 1772, 1 Sm.L. 389, § 1, 33 P.S. § 1. The chancellor erred, however, in raising the statute of frauds issue at this stage of the proceedings and upon his own motion. Apart from the fact that it is not entirely clear from the record whether the agreement alleged by the wife to have been made was in writing, this particular statute of frauds is not a bar to suit; it is a defense upon which a party may, if he chooses, rely, but which he may elect to forego and which is therefore waived if not raised in a responsive pleading such as an answer, or a reply to new matter. It therefore may not be raised by a party by way of preliminary objections. *Royal Oil & Gas Corp. v. Tunnelton Mining Co.*, 444 Pa. 105, 282 A.2d 384 (1971); *Portnoy v. Brown*, 430 Pa. 401, 243 A.2d 444 (1968); *Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1965). See also *Keil v. Good*, 467 Pa. 317, 356 A.2d 768 (1976); *Blumer v. Dorfman*, 447 Pa. 131, 289 A.2d 463 (1972); *Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1968). *A fortiori*, it may not be raised *sua sponte* by the court at the preliminary objections stage of the proceedings.

In summary, whether the parties were validly divorced; whether, if so, the agreement upon which the defendant relies was made and complies with the statute of frauds; whether, if the agreement is oral, it has been taken out of the statute by, for example, part performance; and what effect the agreement has upon the husband's right to relief under the Act of 1927 are questions which the chancellor should not have considered prior to disposing of the plaintiff's preliminary objections and allowing the plaintiff to reply to new matter. By the same token, those questions are not ripe for consideration in this appeal. See *Royal Oil & Gas Corp. v. Tunnelton Mining Co., supra; Portnoy v. Brown, supra.*

The decree is vacated and the case is remanded for further proceedings consistent with this opinion.

The appellant having been given leave to proceed in this Court *in forma pauperis,* there is no assessment of costs.