## Solea v. Solea

474

*Terry L. Parish,* for plaintiff.
*Charles A. Haddad,* for defendant.

WESNER, *Chancellor,* May 13, 1981—On August 16, 1979 plaintiff, Frank Solea, filed this suit in equity seeking partition of certain personal property which he alleges he owns as tenants in common with defendant, Helen Solea, formerly his wife. A nonjury trial was held on March 18, 1981.

## FACTS

The parties were married on July 3, 1966. In June of 1977 plaintiff left the marital home and established residence elsewhere.

In subsequent months plaintiff returned to the marital home and removed various articles of personal property in addition to the property he had removed at the time of his departure.

Items of personal property were retained by defendant when plaintiff left the home, some of which were subsequently sold by defendant and some of which are presently in her possession.

On March 6, 1978 the parties were divorced and the real property was sold in June of 1979 along with at least some of the personal property (e.g., the washer and dryer) and the proceeds divided equally between them.

On August 16, 1979, almost one and one half years after his divorce, plaintiff filed this suit in equity seeking partition of the personal property which remained at the marital home after the divorce and which was retained by defendant.

## ISSUE

At issue here is the ownership of the disputed personal property. It is plaintiff's contention that the parties owned this personal property during their marriage as tenants by the entireties and that after the divorce defendant retained all of this property and refused to pay over to plaintiff his one-half interest in said property. Defendant maintains that this property was (a) acquired by her personally or by gift or (b) retained by her with plaintiff's express or implied consent as her share of the personal property after they separated. There was no written agreement for the division of real or personal property.

## DISCUSSION

For the purpose of determining as between husband and wife title to household goods and furnishings acquired in anticipation of or during marriage and possessed and used by both spouses, title will, in absence of evidence showing otherwise, be presumed to be held jointly by the entireties: DiFlorido v. DiFlorido, 459 Pa. 641, 331 A. 2d 174 (1975). By law, when a couple divorces, property owned by the entireties automatically becomes property owned by tenants in common.[1] Thus, the burden here is on defendant to show that the property claimed by defendant is not presently owned by the parties as tenants in common.*

The personal property at issue here consists of a collection of Hummel figurines with a display cabinet, a collection of whiskey bottles, a solid

_____

*Act of 1927, P.L. 884, §1, as amended 1949, P.L. 1394, §1, and 68 P.S. §501.

cherry bedroom suite and various items of ordinary household goods and furnishings.

In the instant case, credible evidence adduced at trial established that certain of the contested items were not held jointly as entireties property during the marriage, but were in fact property acquired by defendant personally or as gifts for her own personal enjoyment. Defendant testified that the solid cherry bedroom suite was given to her personally as a birthday gift by her son and her son's testimony confirmed this. Plaintiff's claim that the bedroom suite was given to both parties jointly was not supported by the evidence.

Similarly, plaintiff's claim that the Hummel figurines and whiskey bottle collections were joint ventures was equally unpersuasive. His testimony was vague and uncertain. He cited no instances where any of these collector items were purchased by him, other than as a gift for defendant. Defendant, on the other hand, testified that the figurines and whiskey bottles were her personal collection, and specifically stated where, how, or from whom she acquired many of these items.

As to the remaining items of household goods and furnishings, the evidence supports defendant's contention that she retained these items by plaintiff's express or implied consent. Again plaintiff's testimony was vague and uncertain and during the trial he abandoned his claims to several of these items.

Both parties testified that after plaintiff departed the marital home he retained a key to the home and frequently returned for items he wanted. Annoyed with these visits, defendant changed the locks on the doors. Plaintiff testified that he, on one occasion, broke the lock to enter the home. Property held

by husband and wife as tenants by entireties is not subject to partition while so held, except that if husband and wife are separated but not divorced, and if one of them is excluded from exercise or enjoyment of rights inherent in an estate held by the entireties, an accounting of property so held may be ordered and the property divided equally between them: Shoup v. Shoup, 469 Pa. 165, 364 A. 2d 1319 (1976).

Plaintiff's failure to make any effort to recover any property in the possession of his wife after his exclusion from the home supports defendant's contention that plaintiff had taken those items he wanted and that those remaining belonged to her. This is not a case wherein the husband was locked out empty-handed. He voluntarily left the premises, taking some items of property with him. He himself testified that he returned for the stereo set, allowing his wife to keep the TV set he now claims an interest in, so that they might both have some form of entertainment.

In summary, the evidence reveals that plaintiff had ample opportunity to remove or claim any of the property located in the marital residence prior to the divorce. Defendant's testimony that prior to this action plaintiff made no claim for any of the property retained by her further supports her claim that this property was retained by her with plaintiff's consent. Property divided by agreement is no longer held as tenants in common and thus is not now subject to partition.

## CONCLUSIONS OF LAW

1. The bedroom suite, Hummel figurines and display cabinet, and the whiskey bottle collection

were personal property belonging to defendant and not entireties property.

2. The household goods and furnishings were divided by the parties subsequent to their separation, and those items remaining at the marital home after the divorce represent defendant's share of property held by the parties as tenants by the entireties during their marriage.

3. The disputed property is not now owned by the parties as tenants in common and plaintiff is not entitled to partition of this property.

Accordingly, we enter the following

## DECREE NISI

And now, May 13, 1981, for the above stated reasons, it is ordered and decreed that the property which is the subject of this action in partition is not owned by the parties as tenants in common and plaintiff's request for relief is denied.