# Love, Appellant, *v.* Robinson.

*Cemeteries—Cemetery lots—Burial of the dead—Partition.*

The heirs at law of the grantee of a cemetery lot have no right to a partition of the lot where it appears that the grant of the lot was subject to the rules and regulations of the cemetery company, and that among the rules was the provision that: "The heirs at law have jointly a right to the disposal and use of the property; neither of them alone has the right to the disposal of it."

Argued Oct. 31, 1907. Appeal, No. 76, Oct. T., 1907, by plaintiff, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1906, No. 106, dismissing bill in equity in case of Mary A. Love v. John W. Robinson and Andrew L. Robinson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for partition.

OVER, J., specially presiding, filed the following opinion:

This is a bill for partition of land, and the only disputed question is whether or not a cemetery lot is a subject of partition.

FINDINGS OF FACT.

1. The parties to this bill are the owners in fee simple as

tenants in common of the different tracts of land described in the first paragraph of the bill as numbers one and five, and the ground rents therein described numbers two, three and four, the undivided one-half being owned by Mary A. Love, the plaintiff, and an undivided one-fourth each by John W. Robinson, and Andrew L. Robinson, the defendants.

2. The cemetery lot described as number six in said bill was conveyed July 1, 1864 by the Allegheny Cemetery Company to Mary Ann Robinson "her heirs and assigns forever, subject however to the rules, conditions and limitations, and with the privileges specified in the rules and regulations hereto annexed, and such others as may hereafter be adopted" for the sole and only purpose of a place of burial. That the said lot under the direction and with the consent of the said Mary Ann Robinson, was used as a burial place for the mother, father and brothers of said Mary Ann Robinson; that there were interred therein prior to the death of Mary Ann Robinson, her father, mother and brothers and upon her death in the year 1892 she was interred therein, and after her death James D. Robinson, her brother, was also interred therein; and the said lot of ground is and has been the family burial ground of the older generations of the Robinson family, of which family the said plaintiff and defendants hereto form part. That the said lot is filled with the bodies of the ancestors and relatives of this defendant and said plaintiff, except that there is now space only for two interments therein.

Mary Ann Robinson having died intestate, the land described in the bill and this lot descended to the parties hereto as her heirs at law.

3. That on February 9, 1872, the said Mary Ann Robinson purchased from said cemetery company an endowment certificate, paying therefor the sum of $200, the income from which was to be perpetually expended by said Allegheny Cemetery Company for the protection and improvement of the lot, which said certificate is now and has been in full force and effect.

4. That said Allegheny Cemetery was incorporated by an act of the general assembly of the commonwealth of Pennsylvania, entitled "An Act to incorporate the Allegheny Cemetery of Allegheny County," approved April 24, 1844, P. L.

375, for the purpose of maintaining a place for the burial of the dead, and under the said act of assembly and the supplements thereto, and in pursuance of which the said lot of ground was conveyed, it is provided that said cemetery shall have power " To sell and dispose of said plots and burial lots in fee simple or otherwise, for the purpose of sepulture, to individuals, societies or congregations, without distinction or regard to sect, under such conditions, rules and regulations as the said corporators or managers may establish for the government of lot holders, visitors to the cemetery, and burial of the dead : Provided, that the lots granted by said association for burial lots, shall not be used for any other purpose ; and they shall be free from seizure, levy or sale under or by virtue of any execution against any grantee or grantees of said association, for such purpose."

5. That by the rules of said cemetery on the death of an owner of a lot who dies intestate, and without having made any disposition of the same by deed or otherwise, the lot descends to his heirs at law according to our intestate laws ; it being provided also that " the heirs at law have jointly a right to the disposal and use of the lot, neither of them alone has the right to the disposal of it."

6. That one of these defendants, John W. Robinson, objects to the partition of the lot and prior to the filing of this bill filed an amended bill at No. 1,141, December Term, 1903, of this court against Mary A. Love, the plaintiff hereto, and one of these defendants, Andrew L. Robinson, praying for partition of the first, second, third, fourth and fifth tracts of land described and identified in this bill, the same comprising all of the land owned by said parties which is the subject of partition, unless the cemetery lot be so subject. That due service of said bill was had upon the said Mary A. Love and Andrew L. Robinson, and the said Mary A. Love, and the said Andrew L. Robinson filed their several answers to the said amended bill, to which answers a replication has been filed, and the same is now on the equity trial list of this court, and is still pending and undetermined.

DISCUSSION.

It is contended by plaintiff's counsel that the cemetery lot

is a subject of partition, and that as it was not included in the prior bill filed by John W. Robinson for partition, notwithstanding the pendency of. that bill, the plaintiff is entitled to a decree for partition here. It was suggested by defendants' counsel upon the argument that this court acquired jurisdiction of the subject-matter by the filing of the prior bill, and that the question as to whether the cemetery lot is the subject of partition should be determined upon its hearing, and if so, that the bill could be amended to include the lot.

If this had been done, and it could have no doubt if this plaintiff had consented, the complications, delay and expense occasioned by reason of three bills for partition being filed between the same parties, would have been avoided. It was optional, however, with the plaintiff to pursue this course, and if the cemetery lot is the subject of partition, as it is not included in the prior bill, its pendency is not a bar to the proceedings here, and a decree for partition must be made on this bill : Love v. Robinson, 213 Pa. 480. The plaintiff claims that title to the cemetery lot is vested in her and the defendants as tenants in common, and that, therefore, she is entitled to partition thereof, but there may be tenancy in common without the right of partition. Thus, in Latshaw's Appeal, 122 Pa. 142, land was purchased by five congregations, composing a ministerial church in the Evangelical Lutheran church, for a parsonage for their joint benefit, and it was held that one congregation could not proceed for partition .of the land without the consent of the other congregation, Gordon, C. J., saying, on page 152, that " Where parties devoted land to a particular use, which use enters into the consideration of the contract creating it, one of the tenants in common cannot, without the consent of his cotenants, defeat the joint purpose by a writ of partition." So it was held in Brown v. Lutheran Church, 23 Pa. 495, where a church and burial ground belonged to two distinct religious congregations as tenants in common under articles of association, in which it was recited that they had resolved to erect jointly a house for the worship of God on a lot which had been purchased by both congregations, and perpetuated for that purpose, and in which it was also, inter alia, provided that the members of both congregations shall have an equal right and interest in the church and land belonging

to the same, that the land was not within the purview of our statutes relating to partition, and, therefore, neither of the congregations could avail itself of that right without the consent of the other.

But it is doubtful if the parties to this bill are tenants in common, as under the rules of the cemetery company regulating the descent of the lot, the heirs have no right to its separate use or disposal, but have a joint right; and it is expressly provided that " neither of them alone has the right to the disposal of it." It is evident that none of the parties to this bill, without the consent of the others, could convey a good title of his interest, nor authorize the burial of a stranger in the lot: Lewis v. Walker, 165 Pa. 30. The purposes of the rule seem to be to prevent an heir from being deprived, without his consent, of the right of interment in a lot which descended to the heirs of the purchaser, and also to prevent it being used for any other purpose than a family burial plot without the consent of all of them. If it be subject to partition, however, and taken by one of the heirs, the others are deprived of its use, or if the partition results in a sale and it be purchased by a stranger, he would have the right of interment therein, and both these purposes would be defeated. It follows, therefore, that partition cannot be had of the cemetery lot described in the bill.

It was suggested by plaintiff's counsel that as there is room for but two interments and there are three heirs, partition should be had of the lot to prevent disputes which might arise as to interment therein. The cemetery company, however, has the power to make reasonable regulations which would avoid all disputes, and if it has not done so, no doubt will, if it becomes necessary. It seems to me that as between these heirs, prior necessity for interment should give prior right.

CONCLUSIONS OF LAW.

As one of the defendants objects to the partition of the cemetery lot described in the bill, it is not within the purview of our statutes relating to partition, and as there is a prior bill pending between the parties hereto for the partition of all the land in this state held by them as tenants in common subject to partition, this bill must be dismissed at plaintiff's costs.

Let a decree be drawn accordingly.

*Error assigned* was the decree dismissing the bill.

*Thomas James Meagher*, with him *Robert S. Bright* and *Robert T. McElroy*, for appellant.

*John P. Hunter*, of *Lyon, Hunter & Burke*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

The single question in this case is, as stated by the learned judge below, whether or not a cemetery lot is a subject of partition. In the opinion filed by the court it has fully found the facts, and clearly demonstrated that reason and precedent alike deny the right to such partition. The decree entered below is affirmed on the opinion.

We think it clear that the title held to the cemetery lot in question by the plaintiff and the defendants, who took it by inheritance from Mary Ann Robinson, deceased, is not a subject of partition. Aside from any question of decency or sentiment, which the very idea of partition offends, the charter of the cemetery and the deed made to Mary Ann Robinson, the purchaser of the lot, and the regulations, which are a part of and included in the deed, show conclusively that the heirs of the purchaser of a lot cannot compel a partition of it. The charter act of the cemetery authorized it to sell burial lots, and provided that they should not be used for any other purpose, and " shall be free from seizure, levy or sale under or by virtue of any execution against any grantee or grantees of said association, for such purpose." The deed conveying the lot to the purchaser provided that it should be held " subject to the rules, conditions and limitations, and with the privileges specified in the rules and regulations hereto annexed, and such others as may hereafter be adopted." Among the rules and regulations, subject to which the purchaser held the lot, are the following : (a) " The heirs at law have jointly a right to the disposal and use of the property ; neither of them alone has the right to the disposal of it." (b) " The wife of the intestate has the same ·interest in the lot as she has in other real estate of the intestate ; but her interest, so

far as the cemetery is concerned, is nominal ; she can neither dispose of it or order interments to be made therein."

It will be observed, therefore, that the title of the purchaser of a burial lot in this cemetery is not an absolute, fee simple title. He acquires the lot simply for burial purposes, and therein he and the members of his family may be buried. The regulations forbid the burial of any other person in the lot, except upon special permission in writing obtained at the office of the corporation. It is true that the owner may dispose of it by will, but the devisee will hold it subject to the rules and regulations of the cemetery. The parties to this litigation, however, do not hold the lot under a devise from the purchaser, but by inheritance, and the rules and regulations, as we have seen, further limit the rights of such heirs in the property. The plaintiff is the sister and the defendants are the brothers of the purchaser of the lot in question, and they inherited the lot from her. The rule provides that they may jointly dispose of and use the lot, but explicitly says that " neither of them alone has the right to the disposal of it." The lot is held subject to this rule, and hence it is apparent that it will require joint action on their part either to use it for burial purposes or to sell or otherwise dispose of it. The widow of an intestate may be buried in a lot of her deceased husband, but she cannot dispose of it or authorize interments to be made in it. The purchaser of the lot took out an endowment certificate as authorized by the Act of March 6, 1860, P. L. 103, and by the income from the fund has provided for the perpetual care of the lot as a place of burial for her dead.

It appears, therefore, that the plaintiff and the defendants in this action hold the lot in question simply for burial purposes, and do not have a fee simple title to it. The rights in the lot are limited and circumscribed to such an extent, as appears by the title, as to make it manifest that the property cannot be divided or sold under proceedings in partition at the instance of either of the parties. A partition of the lot would defeat the purpose for which it was conveyed to the purchaser, and would be in disregard of the rules and regulations subject to which it was conveyed to her. To permit either party to institute and carry to a conclusion partition proceedings would

in effect be permitting him to dispose of the property without the consent of the other interested parties, in direct violation of one of the express rules of the cemetery. Such a proceeding would result in a sale of the property or a division, and either would violate a condition upon which the purchaser acquired the property and under which the parties to this litigation hold it. This controversy clearly discloses an imperative reason for the regulations and rules under which lots in this cemetery are held, and the court should enforce these rules and regulations, not only in the interest of the cemetery, but to prevent such unseemly, uncalled-for and indecent contests over the ground in which lie the ashes of the dead. Here the plaintiff, against the protests of the defendants, her brothers, is invoking the aid of the law to compel a division or sale of the property in which lie buried her father, her mother, her brothers, her sister. Fortunately the law erects a barrier which prevents her from desecrating the tombs of her dead.

When these parties were here before on a bill for the partition of part of the real estate described in this bill, Love v. Robinson, 213 Pa. 480, the delay in the division of the property between the interested parties was pointed out, and it was suggested that the court should facilitate a speedy disposition of the then pending bills for partition. Before the present bill was filed one of the defendants in this bill had filed an amended bill for the partition of all the property owned by the parties, except the cemetery lot, and answers had been filed by the defendants. The cause was at issue. The opinion of the court below in this case shows that the failure to partition the property on the former bill was because the plaintiff in this suit declined to have the question whether the cemetery lot is the subject of partition determined on that bill. Under these circumstances we are not inclined to reverse the court below because it did not make partition in this proceeding of the real estate held in common by the parties. Either party can speed the pending bill, filed at No. 1,141, December Term, 1903, and the court below should permit no further delay in disposing of it.

The decree of the court below is affirmed at the costs of the appellant.