687 A.2d 385

**F.M. KIRBY, II**

v.

**Allan P. KIRBY, Jr., the Hollenback Cemetery Association of Wilkes–Barre and Its Vicinity, Grace Kirby Culbertson, Ann K. Kirby, Helene L. Kirby and Gloria Kirby.**

**Appeal of Allan P. KIRBY, Jr.**

**F.M. KIRBY, II and the Hollenback Cemetery Association of Wilkes–Barre and Its Vicinity, Grace Kirby Culbertson, Ann K. Kirby, Helene L. Kirby and Gloria Kirby,**

v.

**Allan P. KIRBY.**

**Appeal of F.M. KIRBY, II.**

Superior Court of Pennsylvania.

Argued Aug. 6, 1996.

Filed Jan. 8, 1997.

Joseph G. Ferguson, Wilkes–Barre, for Allan P. Kirby.

Charles A. Shea, III, Kingston, for F.M. Kirby.

Before HUDOCK, EAKIN and HOFFMAN, JJ.

EAKIN, Judge:

Allan P. Kirby, Jr. appeals (at No. 527 Philadelphia 1996) from the order of the Luzerne County Court of Common Pleas entered January 17, 1996 granting summary judgment in favor of F.M. Kirby, II. We affirm.[1]

In the early 1930's, F.M. Kirby ordered the construction of a mausoleum containing eight crypts at the Hollenback Cemetery. F.M. Kirby is the paternal grandfather of both appellant and appellee, who are brothers. To date, four members of the Kirby family are interred in the mausoleum: F.M. Kirby and his wife Jessie A.O. Kirby, and Allan P. Kirby and

---

1. At No. 660 Philadelphia 1996, F.M. Kirby, II, filed a cross-appeal from the order entered January 17, 1995, which made final a March 20, 1995 order, a portion of which struck paragraphs 34 through 37 from the new matter filed by him in response to Allan P. Kirby, Jr.'s response to the complaint. These paragraphs averred the retaliatory motivation of Allan P. Kirby, Jr., and alleged that the cause of action set forth in Allan Kirby's counterclaim should be barred by the doctrine of unclean hands. In its March 20 order sustaining the preliminary objections to these averments, the trial court determined that the doctrine of unclean hands did not apply in the instant case to "collateral matters not directly affecting the equitable relations which exist between the parties." *In Re: Estate of Pedrick*, 505 Pa. 530, 545, 482 A.2d 215, 223 (1984). The court further determined that any retaliatory motive was legally insufficient to give rise to the defense. We find the trial court did not abuse its discretion in so doing.

Moreover, our decision affirming the grant of summary judgment in favor of F.M. Kirby, II, renders his cross-appeal moot, as he recognizes. Since we affirm summary judgment in his favor, we will not review his cross-appeal further.

Herein, the reference to "appellant" is to Allan P. Kirby,

his wife Marian S. Kirby (son and daughter-in-law of F.M. Kirby and parents of appellant and appellee). Four of the crypts remain unoccupied.

By letter dated July 13, 1993, appellant informed appellee and four other family members that it was his wish that the mausoleum never be occupied by anyone else other than his parents and grandparents and that the remaining four crypts should remain unoccupied. Appellant stated his reasons as follows:

> To do otherwise is further complicated by the fact that there remain only four burial sites in the mausoleum while there are six persons (i.e., the four children of Allan P. Kirby [father of appellant] and the two children of Sumner M. Kirby) having such claim to burial rights.... [T]he unused burial sites in the Mausoleum should remain unoccupied and the Hollenback Cemetery should be advised that no further burials in the mausoleum be permitted.

Appellee responded by letter dated July 22, 1993 wherein he stated his opposition to his brother's request:

> Allan P. Kirby Jr.'s proposal is contrary to what we both have known since childhood was the intent of F.M. Kirby who built the Mausoleum, and Allan P. Kirby, who succeeded his father in responsibility for the Mausoleum well over fifty years ago.

Appellant's position was that the six grandchildren of F.M. Kirby should foreclose all other extended family members from burial at the site. Appellant notified the cemetery that since he was one of six owners of the mausoleum, (all tenants in common), further use of the site was subject to his consent. He pointed out that he and two of the other owners had decided that no further burials were to be permitted and that the cemetery should comply with this wish.

The Hollenback Cemetery Association responded in a November 8, 1993 letter:

> By unanimous vote of the Board of Managers, it was decided that the Cemetery cannot follow your directive seeking compliance by the Cemetery of the instructions of

Allan P. Kirby, Jr. . . . The Cemetery shall continue to permit interments consistent with the By–Laws, Rules and Regulations of the Hollenback Cemetery Association.

On June 20, 1994, appellee filed suit against appellant, the cemetery, and the four other owners of the mausoleum. In this suit, appellee asked the court to enter judgment declaring that the owners of the Kirby Mausoleum and their spouses be permitted the right to be buried there on a first-come, first-served basis until the remaining crypts were full and the available space for the construction of additional crypts has been filled. Appellee also sought to enjoin appellant from further interference with the rights of burial at the site.

Appellant filed a counterclaim asking the court to declare that no person, including the owners of the mausoleum, and their spouses, should have the right to be buried there without the unanimous consent of all of other tenants in common; indeed, they asked that no additional burials at all be permitted.

On September 20, 1995, appellee filed a motion for summary judgment. In support of this motion, he submitted affidavits of a photographer who had photographed the mausoleum and a draftsman who had provided depictions of the appearance and dimensions of the mausoleum. He also submitted the affidavit of the president of the Cemetery Association, authenticating its charter, by-laws and other rules and regulations, which were attached thereto.

On October 16, 1995, appellant filed a cross-motion for summary judgment, but lacking depositions, admissions or affidavits seeking to place at issue any of the facts offered in support of appellee's motion.

Oral argument took place December 13, 1995. By order entered January 16, 1996, appellee's motion for summary judgment was granted and appellant's cross-motion for summary judgment was denied. This appeal followed.

Appellant claims the trial court erred in (1) granting summary judgment in favor of appellee upon consideration of testimonial affidavits submitted by appellee; (2) finding that a

co-owner of a mausoleum may not prohibit other co-owners from interring family members therein; and (3) finding that a co-owner of a mausoleum may not prohibit other co-owners from being interred therein.

We note first the well-settled standard of review of the grant or denial of summary judgment.

Our standard of review in an appeal from an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all of the documentary evidence of record to determine whether there exists a genuine issue of material fact that would preclude the entry of summary judgment, and, if not, whether the moving party is entitled to judgment as a matter of law.

*Rosci v. AcroMed, Inc.,* 447 Pa.Super. 403, 412 669 A.2d 959, 963 (1995) (citations omitted). This court will not overturn a trial court's grant of summary judgment in the absence of either error of law or clear abuse of discretion. *Phico Insurance Co. v. Presbyterian Medical Services Corp.,* 444 Pa.Super. 221, 224, 663 A.2d 753 (1995). Summary judgment may be entered only if the pleadings, depositions, affidavits and all other materials together, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Laventhol & Horwath v. Dependable Insurance Associates, Inc.,* 396 Pa.Super. 553, 558, 579 A.2d 388 (1990). In passing on a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party, and resolve any doubt in its favor. *French v. United Parcel Service,* 377 Pa.Super. 366, 371, 547 A.2d 411, 414 (1988).

The learned trial court found that the record established unequivocally that appellee, appellant, and the other individual parties are the owners of the Kirby Mausoleum, and that burial rights are vested in these individuals on a first-come, first-served basis. In making this determination, the court relied on Pennsylvania law as it applies to the interests of burial lots and crypts, and on the Hollenback Cemetery Association's charter, by-laws, rules and regulations, which

were authenticated by the affidavit of John N. Conyngham, III, President of the Cemetery Association.

Pertinent portions of this affidavit read as follows:

\* \* \* \* \* \*

(2) that the procedures normally followed for interments are as follows: the funeral director contacts the manager of the Hollenback Cemetery Association; the Hollenback Cemetery Association confirms that the burial lot or mausoleum crypt in which interment is requested is owned by the decedent or a member of his or her family and is unoccupied; and upon such confirmation, the lot or crypt is then opened and the identity, dated and place of interment is noted in the records of the Hollenback Cemetery Association.

(3) that for purposes of interment, members of the family and relatives of the owner of a burial lot or mausoleum crypt have always been deemed by the Hollenback Cemetery Association to include the spouse of the owner and the spouse of his or her descendants.

\* \* \* \* \* \*

(6) that the Hollenback Cemetery Association has always permitted the burial of deceased family members and their spouses in family-owned burial plots and mausoleums on a first-come, first-served basis and has never sought or required the prior consent of other family members or heirs to such burials.

\* \* \* \* \* \*

(8) that the actions of the Board of Managers of the Hollenback Cemetery Association declining to follow the instructions of Defendant [appellant] are consistent with the By-Laws, Rules and Regulations of the Hollenback Cemetery Association and the practices and customs of the past operations.

Appellant insists that the trial court improperly considered and relied upon this affidavit. As support for this position, he cites what has become known as the "*Nanty–Glo* rule."

In *Nanty–Glo Boro. v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932), our Supreme Court held that testimonial, not documentary, affidavits of the moving party or his witnesses, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury. *See also Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 176, 553 A.2d 900, 903 (1989).

Appellant contends that Mr. Conyngham's affidavit was "clearly testimonial" and that the trial court "unquestionably" relied on the testimonial portions of the affidavit in determining that there was no genuine issue of material fact.

However, *Nanty–Glo* is not applicable to every summary judgment proceeding. As the trial court noted, *Dudley v. USX Corp.*, 414 Pa.Super. 160, 606 A.2d 916 (1992) announced a three-step analysis to determine whether the *Nanty–Glo* rule will preclude a grant of summary judgment:

> Initially, it must be determined whether the plaintiff has alleged facts sufficient to establish a prima facie case. If so, the second step is to determine whether there is any discrepancy as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the jury by resolving any material issues of fact.

*Id.* at 169–70, 606 A.2d at 920. Applying this test, the trial court correctly determined that the *Nanty–Glo* rule did not apply in this case:

> Even if we assume the first step has been fulfilled, the second step of the process reveals that there is no discrepancy as to any facts material to the case. More particularly, the record before us demonstrates unequivocally (1) that the Hollenback Cemetery Association has always deemed "members of the family and relatives of the owner of a burial lot or mausoleum" to include the spouse of the owner and the spoused of his or her descendants; and (2) that the Hollenback Cemetery Association has always permitted the burial of deceased family members and their spouses in

family-owned burial plots and mausoleums on a first-come, first-served basis, and has never sought or required the prior consent of other family members of heirs to such burials.... Defendant has not produced a scintilla of evidence via pleadings, discovery, affidavit, or admissions to indicate the existence of an issue of material fact exists [sic] with respect to the operations and practices of the Hollenback Cemetery Association. Because there is no discrepancy as to these facts, the *Nanty–Glo* rule, which comes into play only in the third step of the process, does not apply. (Trial Court Opinion, 1/17/96, at 9, n. 1).

Appellant contends that by not applying the *Nanty–Glo* rule, the trial court allowed appellee to demonstrate the absence of any material facts by using testimonial evidence. Appellant is incorrect for two reasons. First, the affidavit is not testimonial, but documentary; it authenticates the documents attached to it. Second, appellant is unable to point out what part of the affidavit gives rise to any issues of material fact. This is because there are none. This case involves the application of the law to an undisputed set of facts. Appellant's phrasing of his substantive issues shows no less. Therefore, we find that the court did not err by relying on this affidavit when considering and granting appellee's motion for summary judgment.

Appellant next contends that by granting summary judgment, "the trial court failed to recognize that Pennsylvania law prohibits one co-owner of a mausoleum from interring therein his relatives and family members, including his spouse, without the consent of the remaining co-owners."

The parties agree that appellant, appellee, Grace Kirby Culbertson, Ann K. Kirby, Helene L. Kirby and Gloria Kirby, are the intestate heirs of F.M. Kirby and that pursuant to Pennsylvania Law, each owns an undivided interest in the mausoleum.[2] Both appellant and appellee cite ample authority

---

**2.** Section 2514(14) of the Probate, Estates, and Fiduciaries Code provides as follows:

   (14) Cemetery Lot. If in a will no express disposition or other mention is made of a cemetery lot owned by the testator at his

from foreign jurisdictions to support their positions regarding the rights of joint owners of cemetery lots. However, the common law in Pennsylvania on this issue essentially begins and ends with two holdings of our Supreme Court.

In *Lewis v. Walker's Executors*, 165 Pa. 30, 30 A. 500 (1894), the Court held:

> The owner of a burial lot may doubtless permit the interment of any relative, or even a stranger, in his lot. No rule or regulation of the [cemetery] has been referred to which prohibits that. But in the case of two or more joint owners, no one has that right; it would require the consent of all.

*Id.* at 31, 30 A. at 500. Using this analysis, the Court held that the widow of one of the joint owners of a cemetery lot could not authorize the interment in the common lot of a non-family member without the consent of the other joint owners.

The Supreme Court revisited this issue in *Love v. Robinson*, 219 Pa. 469, 68 A. 1033 (1908). In *Love*, the intestate heir of a decedent who owned a burial lot sought partition of the lot. The Supreme Court affirmed the trial court's ruling that this could not be done without the consent of all co-owners of the lot. Two rules directly applicable to the present case are taken from this holding and they are found in the following lines:

> It is true that the owner [of the lot] may dispose of it by will, *but the devisee will hold it subject to the rules and regulations of the cemetery.* The parties to this litigation, however, do not hold the lot under a devise from the purchaser, but by inheritance, and the rules and regulations, as we have seen further, limit the rights of such heirs in the property. The plaintiff is the sister and the defendants are the brothers of the purchaser of the lot in question, and they inherited the lot from her. The rule provides that they

decease and wherein he or any member of his family is buried, the ownership of the lot shall not pass from his lawful heirs by a residuary or other general clause of the will but shall descend to his heirs as if he had died intestate.
20 Pa.C.S. § 2514(14). *See also In Re: Estate of Klein*, 429 Pa. 27, 35, 239 A.2d 464, 469 (1968).

may jointly dispose of and use the lot, but explicitly says that 'neither of them alone has the right to dispose of it.' The lot is held subject to this rule, and hence it is apparent that it will require joint action on their part to either use it or dispose of it. *The widow of an intestate may be buried in the lot of her deceased husband, but she cannot dispose of it or authorize interments to be made in it.*

*Id.* at 475, 68 A. at 1035 (emphasis added).

■ We agree with the trial court's analysis that the holdings of *Lewis* and *Love* establish three governing principles with regard to the rights of the co-owners of the Kirby Mausoleum: (1) non-family members may not be buried in the mausoleum without the consent of all co-owners, and spouses are family members; (2) the rights of the mausoleum's co-owners are governed and restricted by the rules and regulations of the Hollenback Cemetery Association; and (3) the interests of the mausoleum's co-owners are limited to interment therein as spelled out by the rules and regulations of the cemetery.

■ With these principles in mind, we find that the trial court did not err in its interpretation of Pennsylvania law as it applies to the rights of co-owners of burial lots. The record clearly shows that Hollenback Cemetery Association has an unambiguous rule allowing family members to be interned in jointly-owned lots on a first-come, first-served basis. As the parties are intestate heirs of the original owner, their ownership is "subject to the rules and regulations of the cemetery." *Love, supra.* The granting of summary judgment was consistent with the law on this issue and was not an abuse of the trial court's discretion.

■ Lastly, appellant contends that the court erred by determining "that Pennsylvania law allows a co-owner of a mausoleum to be interred therein without the consent of the remaining co-owners." This contention is meritless based upon our Supreme Court's holding in *Love v. Robinson,* 219 Pa. 469, 68 A. 1033 (1908). As stated above, *Love* recognizes that co-owners of lots have a right of interment in lots they

own, but not a right to exclude interment of family members, provided interment is accordance with the established rules and regulations of the cemetery. In the instant case, paragraph six of Mr. Conyngham's affidavit makes it clear that the established policy of Hollenback Cemetery was to allow the interment of family members without the consent of the other co-owners:

> (6) that the Hollenback Cemetery Association has always permitted the burial of deceased family members and their spouses in family-owned burial plots and mausoleums on a first-come, first-served basis and have never sought or required the prior consent of other family members or heirs to such burials.

Accordingly, we affirm the order of the trial court for the reasons stated above and for the reasons stated in *Love v. Robinson:*

> This controversy clearly discloses an imperative reason for the regulations and rules under which lots in this cemetery are held, and the court should enforce these rules and regulations, not only in the interest of the cemetery, but to prevent such unseemly, uncalled-for and indecent contests over ground in which lie the ashes of the dead.

*Id.* at 476, 68 A. at 1036.

Order affirmed.