J-S41014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Appellee<br><br>v.<br><br>TERRENCE AND ANDREA RILEY,<br><br>Appellants | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br>No. 2038 MDA 2016 |

Appeal from the Order Entered November 23, 2016
in the Court of Common Pleas of Franklin County
Civil Division at No.: 2015 593

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED AUGUST 16, 2017**

Appellants, Terrence and Andrea Riley, appeal from the trial court's November 23, 2016 order granting the motion for summary judgment of Appellee, Federal National Mortgage Association.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.[1]  (**See** Trial Court Opinion, 2/09/17, at 0-2[2]).[3]  Therefore, we have no reason to restate them.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On December 19, 2016, the trial court ordered Appellants to file a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  On January 9, 2017, Appellants filed a timely Rule 1925(b) statement.  **See id.** On February 9, 2017, the court filed an opinion that was a modified version of its November 23, 2016 opinion granting summary judgment.  **See**
*(Footnote Continued Next Page)*

J-S41014-17

On appeal, Appellants raise the following issues for our review:

(I). Did the trial court err in entering summary judgment in favor of [Appellee]?

(II). Did the trial court correctly apply the ***Nanty-Glo*** Rule[4] and is the "Anderson Affidavit" sufficient to demonstrate the absence of a genuine issue of material fact?

(Appellants' Brief, at 23).

We briefly note our standards of review.

> Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action. Thus, a record that supports summary judgment will

_(Footnote Continued)_ _____

Pa.R.A.P. 1925(a); (***see also*** Order of Court, 2/09/17, at unnumbered page 1).

[2] The first page of the February 9, 2017 opinion is unnumbered, its second page is numbered page one. In the interest of simplicity, we will keep the trial court's numbering and designate the first page of the opinion as page zero.

[3] We note that on page one of its opinion, the trial court incorrectly states the address of the property in question as 12417 Gilbert Road, rather than 13417 Gilbert Road. (***See*** Trial Ct. Op., at 1).

[4] ***Borough of Nanty-Glo v. Am. Surety Co. of N.Y.***, 163 A. 523 (Pa. 1923).

either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the fact-finder. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion.

***Dibish v. Ameriprise Financial, Inc.***, 134 A.3d 1079, 1084-85 (Pa. Super. 2016), *appeal denied*, 141 A.3d 481 (Pa. 2016) (citation omitted). Moreover,

[t]he holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 464-65 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015) (citations omitted).

Lastly, the ***Nanty–Glo*** Rule controls the use of oral testimony (either through affidavits or depositions) to determine the outcome of a case in motions practice. The Rule states ". . . the party moving for summary judgment may not rely **solely** upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact." ***Dudley v. USX Corp.***, 606 A.2d 916, 918 (Pa. Super. 1992), *appeal denied*, 616 A.2d 985 (Pa. 1992) (emphasis added) (citation and footnote omitted). Three (3) factors determine the applicability of the ***Nanty–Glo*** Rule:

Initially, it must be determined whether the plaintiff has alleged facts sufficient to establish a *prima facie* case. If so, the second step is to determine whether there is any **discrepancy** as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the [fact-finder] by resolving any material issues of fact. It is only when the third stage is reached that **Nanty–Glo** comes into play.

**DeArmitt v. New York Life Ins. Co.**, 73 A.3d 578, 594–95 (Pa. Super. 2013) (citation omitted) (emphasis added). Therefore, in order for the **Nanty–Glo** Rule to apply in the instant matter, there must be a genuine discrepancy or dispute as to a material fact.

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Appellants have raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Ct. Op., at 7, 11-14) (finding that: (1) Appellants have failed to meet their burden to respond to the motion for summary judgment with evidence of record that would rebut Appellee's factual claims or establish a legal defense; (2) Appellants failed to establish the second prong of the **Nanty-Glo** applicability test because they did not demonstrate a discrepancy in any material fact; (3) Appellants only presented legal arguments in their pleadings which cannot create a dispute of material fact; and (4) Appellants wrongly sought relief under **Nanty-Glo**, because there was no factual dispute to which the trial court could apply the rule). Accordingly, we affirm based on the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2017

S41014-17

# 1925(a) OPINION

PROTHONOTARY
FRANKLIN COUNTY PA

2017 FEB -9 PM 1: 27

TIMOTHY S. SPONSELLER
PROTHONOTARY

DEPUTY ___PF___

## IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA -- FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Federal National Mortgage Association, | : | Civil Action – Law |
| Plaintiff | : | |
| v. | : | No. 2015-593 |
| | : | |
| Terrence J. Riley and Andrew L. Riley, | : | |
| Defendants | : | Honorable Shawn D. Meyers |

## ORDER OF COURT

**AND NOW THIS** 9th day of February, 2017, the Court has reviewed the Defendant's *Statement of Matters Complained of on Appeal* and is of the opinion that the issues raised are adequately addressed by the Court's November 23, 2016 Opinion granting Plaintiff's Motion for Summary Judgment. Therefore, the Court directs the Superior Court to that Opinion, as modified to comport with Pa. R.A.P. 124, a copy of which is attached.

ATTEST

TIMOTHY S. SPONSELLER PROTHO

**IT IS ORDERED** that the Franklin County Prothonotary promptly transmit

to the Prothonotary of the Superior Court the record in this matter.

*Pursuant to Pa.R.C.P. 236, the Prothonotary shall give written notice of the entry of this Order, including a copy of this Order, to each party, and shall note in the docket the giving of such notice and the time and manner thereof.*

By the Court,

Shawn D. Meyers, J.

*The Prothonotary shall give notice and serve:*
Joseph L. Riga, Esq.
J. McDowell Sharpe, Esq.
Daniel A. Pallen, Esq.
Court Administration

## IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA -- FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Federal National Mortgage Association, | : | Civil Action – Law |
| Plaintiff | : | |
| v. | : | No. 2015-593 |
| | : | |
| | : | |
| Terrence J. Riley and | : | |
| Andrew L. Riley, | : | |
| Defendants | : | Honorable Shawn D. Meyers |

### OPINION

### PROCEDURAL HISTORY

HSBC Bank USA, N.A. ("HSBC Bank") filed a Complaint in Mortgage Foreclosure against Terrence and Andrea Riley ("the Rileys") on February 12, 2015. After disposition of Preliminary Objections, the Rileys filed an Answer and New Matter on December 7, 2015. Federal National Mortgage Association (FNMA) was substituted as successor to HSBC Bank on February 26, 2016.[1] HSBC Bank responded to this New Matter on July 11, 2016.

On August 8, 2016, FNMA simultaneously filed a Motion for Summary Judgment, Affidavits from Joseph F. Riga and Van Anderson in support of that motion, and a Praecipe to list the Motion for Argument. On August 22, 2016, the

---

[1] For clarity purposes, when discussing the contents of pleadings throughout this opinion, the court will refer to the actions of both HSBC Bank and FNMA as actions of FNMA even though FNMA may not yet have been a substitute plaintiff at the time of the respective pleadings.

Rileys filed a Response in Opposition to FNMA's Motion for Summary Judgment and a corresponding Memorandum of Law in opposition to FNMA's Motion for Summary Judgment. Oral argument on this Motion took place on October 6, 2016 before the undersigned judge.

Based on representations by the Rileys' counsel, this courted granted both parties twenty days leave to file supplemental briefs limited to discussion of Bank of America v. Wicker, (C.P. Jefferson Cty., Dec. 19, 2014), cited by the Rileys' counsel during argument.[2] FNMA filed a Supplemental Brief Addressing Nanty-Glo and Its Motion for Summary Judgment on October 26, 2016. The Rileys did not file a supplemental brief.

This matter is now ripe for decision by this court.

### FACTUAL HISTORY

The Rileys own property at 12417 Gilbert Road, Upper Strasburg, Pennsylvania 17265. Plaintiff's Complaint, ¶2. On August 27, 2008, the Rileys executed a Note for $137,750.00 and mortgaged the Gilbert Road property.[3] Plaintiff's Complaint, Exhibits A, B. FNMA is the last assignee of the Mortgage as of December 14, 2015. Plaintiff's Motion for Summary Judgment, ¶6. In support

---

[2] This court's order dated October 6, 2016, granting leave for further briefing on this case incorrectly named the case as Bayview Loan Servicing v. Wicker.

[3] Both documents were notarized at the time of signing. These acknowledgements establish that the Rileys have signed these documents. See 57 Pa. C.S.A. §302(a) (defining an Acknowledgment as "a declaration by an individual before a notarial officer that the individual has signed a record for the purpose stated in the record.")

1

of their Mortgage Foreclosure Complaint, the FNMA attached photostatic copies of the promissory note, the mortgage, and the assignment of the mortgage from HSBC Bank to FNMA. Plaintiff's Complaint, ¶¶3,4,6. However, the Rileys deny the truth and accuracy of these documents. Defendants' Answer and New Matter, ¶¶3,4,6.

In short, the Rileys have denied FNMA's factual averments based on legal arguments which this court will address in turn.

## DISCUSSION

### I. APPLICABLE STANDARD: SUMMARY JUDGMENT IN MORTGAGE FORECLOSURE

To evaluate a motion for summary judgment, the court must apply the following standard laid out by the Supreme Court of Pennsylvania in <u>Washington v. Baxter</u>:

> As with all summary judgment cases, we must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. In order to withstand a motion for summary judgment, a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Finally we stress that summary judgment will be granted only in those cases which are free and clear from doubt.

719 A.2d 733, 737 (Pa. 1998) (internal citations and quotations omitted).

2

In a mortgage foreclosure action, summary judgment should be granted if "the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa. Super. 1998) (citing Landau v. Western Pennsylvania National Bank, 282 A.2d 335, 340 (Pa. 1971)). Furthermore, the non-moving party is obligated under Pennsylvania Rule of Civil Procedure 1035.3 to respond to a motion for summary judgment within thirty days of service indicating either of the following:

(1) *one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion* or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa. R.C.P. 1035.3(a) (emphasis added). Even though the movant must bear the burden of establishing an absence of genuine issues of material fact, the responding party "may not merely rely on his pleadings or answers in order to survive summary judgment." Nordi v. Keystone Health Plan West, Inc., 989 A.2d 376, 379 (Pa. Super. 2010). The responding party "must set forth specific facts demonstrating a genuine issue of material fact." Bank of America, N.A. v. Gibson, 102 A.3d 462, 464 (Pa. Super. 2014) (referencing Pa. R.C.P. 1035.3).

3

If a mortgage foreclosure defendant admits that a fixed-rate mortgage has been recorded and that they have failed to make payments or pay interest on the mortgage, then no genuine issues of material fact remain, and the plaintiff should be granted summary judgment. See Landau v. Western Pennsylvania Nat. Bank, 282 A.2d 335, 340 (Pa. 1971); Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa. Super. 1998).

The Rileys claim here that "[i]t is not the Defendant's obligation to rebut the Plaintiff's case by way of record supported evidence." Defendants' Response, ¶15 (internal quotations omitted). However, to survive summary judgment, the Rileys must present actual specific facts which would establish a genuine issue of material fact. See Pa. R.C.P. 1035.3; Gibson, 102 A.3d at 464. Here, the Rileys have disputed averments of fact with arguments of law.

## II.  ANALYSIS

### A. STANDING

#### i. Under the Best Evidence rule, must FNMA present the original note to have standing?

Under Pa. R. E. 1002, "[a]n original writing . . . is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." However, according to Pa R.C.P. 1147(a), the Plaintiff must set forth only the following to have standing in a mortgage foreclosure action:

4

(1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

(2) a description of the land subject to the mortgage;

(3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

(4) a specific averment of default;

(5) an itemized statement of the amount due; and

(6) a demand for judgment for the amount due.

Pa R.C.P. 1147(a). The Rules do not require attachment of a copy of the mortgage or note, let alone an original document. A mortgage foreclosure complaint cannot be deficient when a copy of the promissory note is not attached, but the Complaint has specifically averred each requirement under the rule. See Bank of New York Mellon v. Johnson, 121 A.3d 1056 (Pa. Super. 2015). In accordance with the Pennsylvania Rules of Civil Procedure, FNMA has set forth the required averments and statements in its Complaint and has supplemented those averments with copies of relevant documents. The Best Evidence rule does not apply here to establish standing where the document itself is irrelevant to standing under the Rules of Civil Procedure.

The Rileys claim that In re Walker establishes the court must review the indorsements of an original note *in camera*. Defendants' Answer and New Matter, ¶3 (citing In re Walker, 466 B.R. 271 (Bankr. E.D. Pa. 2012)). However, in In re Walker, the court held that a blank indorsement indicates that the Note is "payable

5

to bearer and may be negotiated by transfer of possession alone until specially indorsed." In re Walker, 466 at 281 (citing Pa. UCC §3205(b)). Since the note was indorsed in blank and the subject bank had presented evidence of its possession of the note, the court held that the Bank was in fact the holder of the note. Id.

Here, FNMA has incorporated into the record three assignments which establish the chain of ownership of this Note. It is evident to the court from the copy attached to FNMA's Complaint that the Note is endorsed in blank. Plaintiff's Complaint, Exhibit A; see also Plaintiff's Response to Defendant's New Matter, ¶16. Since the Rules of Civil Procedure do not require an original Note be attached to have standing, and because FNMA has evidenced its possession of the Note through various assignments, FNMA is the holder of the Note and has standing to bring the current action.

### ii. Does conversion of negotiable instrument to a security separate the note from the mortgage, thereby destroying the negotiable instrument?

The Rileys' brief lays out numerous allegations of fact to support this argument with respect to the methods by which mortgages and notes are assigned and conveyed.[4] However, the Rileys' have failed to present any affidavits,

---

[4] In support of the their argument that bifurcation destroys the negotiable instrument, the Rileys rely primarily on a federal case, Montgomery County, Pa. v. MERSCORP, Inc., which held that "the Pennsylvania Recording Act does in fact require the transfer of secured debt [i.e. the

6

depositions, interrogatories or other record evidence that would support these factual and legal assumptions. Here, the Rileys are prompting this court to take judicial notice of assumptions of facts which have not been established in the record. As such, the Rileys have failed to meet their burden of responding to FNMA's Motion for Summary Judgment under Pa. R.C.P. 1035 with evidence of record which can rebut FNMA's factual claims or establish a legal defense.[5]

For example, the Rileys argue that FNMA is not in possession of the note because the mortgage document did not give MERS the power to assign the note. Defendants' Brief, Part A. However, Section 20 of the Mortgage document states that "the Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the borrower." Plaintiff's Complaint, Exhibit B. Each of the three assignments of record in this case state that the assignment has been made in consideration for a certain sum or "other good and valuable consideration" paid to the Assignor. Plaintiff's Complaint, Exhibit C, D; Anderson Affidavit, Exhibit C. Therefore, each

mortgage note] to first be documented in a form suitable for recording and then recorded in the land records because it creates in the transferee an equitable interest in the mortgage." Montgomery County, Pa. v. MERSCORP, Inc., 16 F.Supp.3d 542, 557 (E.D. Pa. 2014). However, the Third Circuit Court of Appeals overturned the District Court's decision, holding Pennsylvania's Recording Act "does not create a duty to record all land conveyances." Montgomery County, Pa. v. MERSCORP, Inc., 795 F.3d 372, 374 (3d. Cir. 2015). Furthermore, the Third Circuit Court of Appeals found no merit in appellant's argument that "MERSCORP [was] violating [state law] by failing to record its transfer of mortgage debts, thus depriving the county governments of recording fees." Id. at 379.

[5] Despite presenting numerous allegations in their New Matter, the Rileys presented no evidence of record to successfully create disputes of material fact which would allow them to survive summary judgment.

7

assignment of the note and mortgage has been made for compensation in accordance with Section 20 of the mortgage document.

In addition, the Rileys allege that when they closed on their property, the original lender signed a Pooling and Servicing Agreement (PSA) which "detailed the closing date by which the homeowner's loan must be 'sold' to the REMIC, and described exactly how the homeowner's note is to find its way from the original lender to the REMIC trust." Defendants' Brief, Part A. However, the Rileys fail to refer to any part of the record that establishes the existence or enforcement of this alleged PSA and have therefore failed to establish that the note has in fact been securitized.

Therefore, since the Rileys' legal argument regarding the bifurcation of the note and mortgage are not based in facts established within the record, the court finds that FNMA has standing as the current holder of the note.

### iii. Does bifurcation of the note and mortgage discharge obligation to pay debt?

For the purpose of completeness, the court will address whether separation of the note and mortgage would discharge the Rileys' obligation to pay the debt at issue.

At oral argument, counsel for the Rileys relied upon a Pennsylvania Common Pleas case, which the court attached as part of the record pursuant to

8

court order on October 6, 2016. See <u>Bank of America v. Wicker</u> (C.P. Jefferson Cty., Dec. 19, 2014). Counsel argued that this case supported his present arguments with respect to bifurcation of the mortgage and destruction of the negotiable instrument. In reality, the court in <u>Wicker</u> expressly rejects the argument that the mortgage foreclosure plaintiff lacks standing because the Note had been expressly conveyed with the mortgage in all relevant assignments. <u>Wicker</u> at 3 ("Consequently, the Assignment's clear conveyance of the note eliminates any question regarding the Bank's standing as its current holder").

The Rileys asserted that the negotiable instrument was destroyed and therefore unenforceable because only the mortgage was assigned without the Note. However, the specific language of the May 18, 2011 assignment from Mortgage Electronic Registration Systems (MERS) as nominee for HSBC Mortgage Corporation to HSBC Mortgage Corporation reads as follows:

> Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $137,750.00 with interest, *secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof*, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee the assignor's beneficial interest under the security instrument.

9

Plaintiff's Complaint, Exhibit C (emphasis added).[6] The April 6, 2012 assignment from HSBC Mortgage Corporation to HSBC Bank USA, N.A. contains identical language. Plaintiff's Complaint, Exhibit D. In Wicker, the court reasoned the language "and the indebtedness thereby secured" blatantly referred to the note and therefore negated any claim by the defendants that the note and mortgage had been separated. Wicker at 3. Here, the language "secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof" similarly refers to the Note which the Rileys claim was separated from the mortgage via assignment. Defendants' Response, ¶17.[7]

More specifically, the December 14, 2015, assignment from HSBC Bank (predecessor plaintiff) to FNMA (current plaintiff) expressly states that the "all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon wit interest and all rights accrued or to accrues under said mortgage." Anderson Affidavit, Exhibit C. As in Wicker, clear conveyance of the note eliminates any questions regarding FNMA's standing as current holder. This most recent assignment establishes FNMA's interest in continuing the suit originally brought by HSBC Bank by granting all the rights and benefits under both the

---

[6] This assignment was recorded on May 20, 2011 with the Franklin County Recorder of Deeds.
[7] The Rileys claimed "[a]n assignment of a mortgage can never also assign the note, especially when, as in the instant case, the purported note was securitized and separated from the mortgage." Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment, Part B [no page numbers provided]. However,

10

mortgage and the note. Clearly, based on the language of the assignments, there has been no bifurcation of the mortgage and note which would dissolve the negotiable instrument and negate FNMA's standing.

Therefore, since the note and mortgage have been assigned together in accordance with the language of the mortgage document, the court finds that FNMA has standing to bring the current action because it is the present holder of the Note.

## B. MORTGAGE IN DEFAULT

### i. Under the Nanty-Glo rule, is the Anderson Affidavit sufficient to establish default?

The Nanty-Glo rule establishes that summary judgment may not be granted where the movant "relies exclusively upon oral testimony, through affidavits or depositions, to establish the absence of a genuine issue of material fact." Kee v. Pennsylvania Turnpike Commission, 743 A.2d 546, 550 (Pa. Cmwlth. 1999). The Superior Court has outlined three steps to determine whether the Nanty-Glo rule applies:

> Initially, it must be determined whether the plaintiff has alleged facts sufficient to establish a prima facie case. If so, the second step is to determine whether there is any discrepancy as to any facts material to the case. Finally is must be determined whether in granting summary judgment, the trial court has usurped improperly the role of the jury by resolving any material issues of fact.

11

Kirby v. Kirby, 687 A.2d 385, 388 (Pa. Super. 1997). When no disputed issues of material fact have been presented, Nanty-Glo does not preclude consideration of affidavits establishing default in mortgage foreclosure. Beal Bank v. PIDC Financing Corp, WL 31012320 (C.P. Phila. Cty. 2002).

The Rileys argue that under the Nanty-Glo rule, the affidavit of one individual cannot be considered conclusive on the issue of whether the mortgage is in default. Defendants' Response, ¶8, 14. However, the Rileys do not sufficiently establish the Nanty-Glo rule in fact applies to this case based on the three step analysis outlined by the Superior Court. The Complaint alleges that the mortgage is in default, that the Rileys have failed to pay interest, and that the recorded mortgage is in a specified amount. Plaintiff's Complaint, ¶¶8, 10. In support of these allegations, FNMA attached copies of the mortgage Note, the notarized Mortgage document, relevant assignments of the mortgage establishing their interest, and required notices which had been mailed to the Rileys. Complaint, Exhibits A, B, C, D, E, and F. FNMA established a prima facie case, thereby satisfying the first prong of the Nanty-Glo applicability test. However, the second prong of the Nanty-Glo applicability test has not been established. To create a discrepancy in material fact, the Rileys "had the burden to present facts by counter-affidavits, depositions, admissions, or answers to interrogatories." Washington Federal Savings and Loan Association v. Stein, 515 A.2d 980 (Pa. Super. 1986)

12

(holding reliance on pleadings without additional evidence does not create dispute of material fact). The Rileys have presented only legal argument in their pleadings and supporting brief, which cannot create a dispute of material fact under Pa. R.C.P. 1035. Whereas disputes of law were raised by the Rileys and decided herein, the Nanty-Glo rule does not apply in the instant case because no genuine disputes of material facts exist.

Simply, the Rileys have put the cart before the horse by seeking relief under Nanty-Glo without creating a factual dispute to which the rule could be applied. For example, in its Complaint, FNMA alleged that the mortgage is in default because the payments had not been made since August 2010. Plaintiff's Complaint, ¶8. In response to this factual averment, the Rileys argue that as a matter of law, the mortgage cannot be in default because it has been destroyed. Defendants' Answer and New Matter, ¶8. Nowhere in that responsive paragraph do the Rileys present factual averments which could create a genuine issue of material fact with regard to whether the mortgage is in default for failure to make payments. Id. Furthermore, they implicitly admit their failure to make payments by citing an obscure legal theory which seeks to defend their failure to pay. Id.

The Rileys contend that since Van Anderson is not an employee of FNMA, he does not have competency to testify under Pa. R.E. 601, 602. Defendants' Response, ¶7. "Actual knowledge and observation on the part of the lay witness are

13

the essential bases for the reception of the opinion." <u>Krauss v. Trane U.S. Inc.</u>, 104 A.3d 556, 567 (Pa. Super. 2014) (holding affidavit regarding presence of asbestos was too speculative to be based on personal knowledge). In addition, summary judgment cannot be granted where "mere speculation would be required for the jury to find in plaintiff's favor." <u>Id</u>. at 568.

Here, Mr. Anderson's affidavit is based on actual knowledge he possesses based on his position as Foreclosure Specialist for the Mortgage Servicing Agent for FNMA. Anderson Affidavit, ¶1. He kept the records in the ordinary course of business, analyzed the documents, delivered logic-based opinions, and is therefore competent in delivering a lay opinion of the mortgage documents in question. <u>Id</u>. at ¶2. Furthermore, the Rileys have presented no specific evidence as to what specific personal knowledge Mr. Anderson lacks and based this unfounded allegation solely on the fact that Mr. Anderson is not directly employed by FNMA. Defendants' Response, ¶7-8. In the absence of any evidence to the contrary in the form of counter-affidavits, depositions, or interrogatories, the Rileys have failed to establish not only that Mr. Anderson lacks competency, but also that there is no genuine issue of material fact as to whether the mortgage is in default.

Moreover, counsel for the Rileys during oral argument relied upon the above-referenced common pleas case, <u>Bank of America v. Wicker</u>, which found that the mortgage foreclosure plaintiff Bank's affidavit confirming *date of default*

14

was inconclusive of that fact under Nanty-Glo. Bank of America v. Wicker (C.P. Jefferon Cty, 2015) at 5. However, unlike the instant case, in Wicker, the defendants had created a dispute of material fact only as to *the date of the default* and had implicitly admitted by presenting legal defenses that the mortgage was in fact in default. For the limited purpose of determining on what date the default took place, the court held that Nanty-Glo prohibited conclusiveness where the Bank's only evidence was an affidavit. Therefore, the Rileys' reliance on this case to affirm their arguments is misplaced.

Therefore, based on the Rileys' failure to establish a dispute of material fact and thereby the applicability of Nanty-Glo, the court finds there is no dispute of material fact: even viewing the facts in the light most favorable to the Rileys, the mortgage is in default.

### C. FAILURE TO PAY INTEREST

For the same reasons asserted above with respect to default of the mortgage, there is also no genuine dispute of material fact as to whether the Rileys have failed to pay interest. The Rileys have failed to present specific evidence which contradicts FNMA's factual averments and inappropriately present legal arguments which are inapplicable given their failure to create disputes of material fact.[8] Just as the Rileys implicitly admitted to default because they argued no legal obligation

---

[8] See discussion above (Section B) as to inapplicability of Nanty-Glo.

15

existed which would require such payments, here too, the Rileys have implicitly admitted, by claiming a legal defense to their actions, that they have not paid interest on the mortgage.[9]

Therefore, based on the same reasoning it found default, the court finds that no dispute of material fact exists: even viewing the facts in the light most favorable to the Rileys, they have failed to make interest payments on the mortgage.

## D. RECORDED MORTGAGE IS IN SPECIFIED AMOUNT

FNMA's Complaint alleges the specific amount due based on the terms and conditions of the mortgage and the date which the Rileys discontinued making payments.[10] Plaintiff's Complaint, ¶10. In response, the Rileys argue that "a witness with personal knowledge must establish this fact." Defendants' Answer, ¶10. When FNMA filed its Motion for Summary Judgment, it also filed the affidavit of Mr. Anderson who had personal knowledge of the mortgage documents and established logic-based conclusions to support FNMA's averment and valuations of the amount due. As stated above, although the Rileys have challenged the competency of Mr. Anderson, they presented no evidence or specific allegations as to where specifically Mr. Anderson's personal knowledge is lacking. The Rileys argue only that Mr. Anderson cannot have personal knowledge

---

[9] See discussion above (Section B) discussing implicit admission by raising legal a legal defense.
[10] Amount due includes the principal balance, interest through February 6, 2015, taxes, hazard insurance, private mortgage insurance, late charges, broker's price opinion, and property inspection.

16

because he is not employed by FNMA or its predecessor plaintiff, HSBC Bank. Defendants' Response, ¶¶7-8.

Therefore, because the Rileys have presented no record evidence which challenges specific reasons why Mr. Anderson lacks personal knowledge, no genuine dispute of material fact has been established: even viewing the facts in the light most favorable to the Rileys, the recorded mortgage is in a specified amount.

## CONCLUSION

The Rileys have denied allegations of fact based on arguments of law. However, these arguments of law are based on presumptions of fact which are not established in the record. Since they have presented no factual basis for their pled denials and have relied solely on the pleadings, they have failed to establish disputes of material fact which would survive summary judgment. As such, their reliance on Nanty-Glo to exclude Mr. Anderson's affidavit is misplaced as it cannot apply where there are no disputes of material fact.

Even viewing the facts in the light most favorable to the Rileys, no dispute of material fact exists as to whether the mortgage was in default, the Rileys failed to make payments, and the recorded mortgage is in a specified amount. Therefore, FNMA's Motion for Summary Judgment is hereby **GRANTED**.

17